**Walter E. BONNELL**

v.

**George P. BAKER et al., Debtor.**

**Civ. A. No. 71–539.**

United States District Court,
E. D. Pennsylvania.

June 29, 1971.

Lawrence E. Grant, Richter, Syken, Ross & Binder, Philadelphia, Pa., for plaintiff.

Robert R. Artz, Philadelphia, Pa., for defendants.

OPINION AND ORDER

HAROLD K. WOOD, District Judge.

Presently before the Court is defendant's motion for a change of venue to the District Court for the Western District of Pennsylvania. Plaintiff instituted this action under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. alleging that during the course of his employment with defendant railroad he was negligently subjected to unreasonably loud noises the result of which was a hearing impairment which caused him to be removed from his job. It does not appear that this impairment resulted from any one accident, but rather is a condition which built up over a long period of time.

In support of its motion, defendant sets forth the following facts:

1. Plaintiff has been employed mostly in an area within the Western District of Pennsylvania and consequently the cause of action arose there;

2. Plaintiff resides within the Western District of Pennsylvania;

3. Defendant's witnesses reside within the Western District of Pennsylvania and will be inconvenienced by having to travel here for trial;

4. The examining physicians reside within the Western District of Pennsylvania.

It also appears that plaintiff's counsel are located in Philadelphia and that he has chosen as his chief medical witness Dr. Herbert Kean who is associated with Thomas Jefferson University Medical School in Philadelphia.

 A plaintiff's choice of forum is entitled to great weight and defendant has a heavy burden of showing a strong balance of inconvenience. Clendenin v. United Fruit Co., Inc., 214 F. Supp. 137 (E.D.Pa.1963). We conclude that the facts of the instant case do not demonstrate that defendant will be inconvenienced by having to defend the action in this District to an extent sufficient to warrant a denial of plaintiff's choice of forum.

In support of its motion defendant alleges that a number of witnesses reside or maintain offices in the Pittsburgh area. Four of these witnesses are physicians who have examined plaintiff. Defendant does not allege, however, that it intends to call all of these witnesses, much less that their testimony will be more than merely cumulative. Nor is there any indication that any of these witnesses will be unable to testify if the trial is held here.

Plaintiff's other witnesses are railroad employees who will testify to such matters as plaintiff's job requirements and capabilities, his wages and hours and hearing requirements and working conditions in the Pittsburgh area. These appear to be facts to which the parties can stipulate or at least present in deposition form. However, should defendant desire to have these witnesses testify in person, as they are railroad personnel, the railroad should be able to transport them here without a great deal of difficulty.

Finally, we attach little significance to the fact that plaintiff resides in Pittsburgh, as the question of whether he will be inconvenienced by litigating his claim here is not relevant to defendant's motion. Likewise we give little weight to defendant's claim that the cause of action arose in the Western District of Pennsylvania. That factor is not important under the facts of this case.

Accordingly defendant's motion for a change of venue will be denied.