**LESHORE CALGIFT CORP., Plaintiff,**

v.

**TOTAL GRAPHICS INC./MARKETING INCENTIVES, A DIVISION OF TOTAL GRAPHICS, INC.; and Arthur Bartell, Defendants.**

Civ. No. 86–0405.

United States District Court,
M.D. Pennsylvania.

Sept. 12, 1986.

Jill H. Miller, Coviello & Miller, Clarks Summit, Pa., for plaintiff.

Arthur Halsey Rice, Rice & Reiser, Miami, Fla., for defendants.

## MEMORANDUM AND ORDER

KOSIK, District Judge.

The plaintiff, Leshore Calgift Corp. [hereinafter "Leshore"], filed a complaint against the defendants, Total Graphics, Inc. [hereinafter "Total Graphics"] and Ar-

thur Bartell[1] on March 19, 1986. On April 9, 1986 the defendant Total Graphics filed a motion to dismiss the complaint for lack of jurisdiction over its person, insufficiency of process, insufficiency of service of process and improper venue. Total Graphics filed a memorandum in support of its motion to dismiss on April 21, 1986. On May 6, 1986 the plaintiff Leshore filed its memorandum in opposition to Total Graphics' motion to dismiss. Total Graphics submitted its reply memorandum in support of its motion on May 21, 1986. Plaintiff filed a sur reply memorandum in opposition to the motion to dismiss on June 4, 1986.

The complaint arose out of the following set of facts. Arthur Bartell had a company known as Imperial Advertising, Inc. Bartell's company had a contract with plaintiff Leshore. The contract involved the purchasing of numerous balloons which would be imprinted with the Burger King logo and eventually sold to Burger King. Leshore advanced commissions to Bartell in anticipation of the Burger King order. After Leshore allegedly purchased the balloons and advanced commissions to Bartell and prior to securing a contract with Burger King, Bartell's Company, Imperial Advertising, went bankrupt. Bartell then approached defendant Total Graphics seeking employment and was hired by Total Graphics. Subsequently, Leshore and Total Graphics began negotiating the terms of an agreement whereby Total Graphics would assume Bartell's debt owed to Leshore, both for the cost of the balloons and the commissions advanced to Bartell. Apparently an agreement was reached and Total Graphics made two partial payments to Leshore on the debt. However, a dispute then arose concerning whether Leshore ever paid for the balloons in question. Total Graphics stopped all payments to Leshore and Leshore then filed this action.

In its motion to dismiss, defendant Total Graphics contends that the United States District Court for the Middle District of Pennsylvania has no jurisdiction over its person because it did not have any contact with Pennsylvania in this action. Secondly, Total Graphics alleges that the complaint should be dismissed because service of process of the complaint was insufficient due to the fact that the summons issued was not directed to anyone and because service of this action was improper since it exceeded the reach of the long arm statute. Finally, Total Graphics claims that the complaint should be dismissed, or in the alternative transferred to the Southern District of Florida, because venue is not proper in the Middle District of Pennsylvania.

In response to the defendant Total Graphics' motion the plaintiff at the outset argues that the motion should be dismissed for failure to comply with the Local Rules of this Court. Specifically the plaintiff claims that defendant's motion violated Local Rule 401.1 by not containing a certificate of concurrence or nonconcurrence and a proposed order. Plaintiff also claims that defendant violated Local Rule 401.8 because defendant's brief in support of its motion lacked a statement of the case's facts. We find no merit to this argument.

Defendant's reply brief contained a certificate of noncurrence with its motion from plaintiff's counsel. Defendant also enclosed a proposed order with its reply brief. Thus Local Rule 401.1 is satisfied. We find that the facts contained in defendant's brief in support of its motion and defendant's stipulation to plaintiff's version of this case's procedural history[2] adequately comply with Local Rule 401.8.

Now, we shall address the defendant Total Graphics' first claim which is that this Court lacks in personam jurisdiction over it. In support of its claim defendant argues that it does not have the requisite "minimum contacts" with Pennsylvania and in fact has had no contact at all with Pennsylvania. On the other hand the plain-

---

**1.** The defendant Arthur Bartell was personally served with plaintiff's complaint on April 25, 1986. Defendant Bartell did not respond to the complaint. On June 24, 1986 plaintiff Leshore filed a request for entry of default against defendant Bartell and the Clerk of Court for the Middle District of Pennsylvania noted the default.

**2.** See, page 2 of defendant Total Graphics' reply memorandum, Doc. 9.

tiff argues that this Court has the power to hear and determine this action because jurisdiction is obtained over the defendant by virtue of the Pennsylvania Long Arm Statute.

In a diversity action, a federal court must conduct a two prong test to determine if it has in personam jurisdiction over a non-resident defendant. The Court must first determine if the defendant's conduct brought him within the requirements of the forum state's long arm statute. *Controlled Metals Inc. v. Non-Ferrous International Corp.*, 410 F.Supp. 339, 341 (E.D. Pa.1976); *Donner v. Tams-Witmark Music Library Inc.*, 480 F.Supp. 1229, 1231–1232 (E.D.Pa.1979). If the requirements of the long arm statute are satisfied, then the court must establish if the defendant had minimal contacts with the forum state so that the exercise of personal jurisdiction will not offend due process. *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980).[3] In applying the first prong of the aforementioned test we must determine if defendant's conduct brought it within the requirements of Pennsylvania's Long Arm Statute. Pennsylvania's Long Arm Statute provides that Pennsylvania Courts can exercise in personam jurisdiction over a person "[t]ransacting any business in this Commonwealth." 42 Pa.C.S.A. § 5322(a)(1). For purposes of the Long Arm Statute, transacting business includes "[t]he shipping of merchandise directly or indirectly into or through this Commonwealth." 42 Pa.C.S.A. § 5322(a)(1)(iii). It also includes "[t]he engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by any government unit of this Commonwealth." 42 Pa. C.S.A. § 5322(a)(1)(iv). In the affidavit of Lew Ginsberg, President of Total Graphics, he avers that even though defendant Total Graphics is not licensed in Pennsylvania, it does sell merchandise in Pennsylvania.[4] Thus, according to defendant's own admission it transacts business in Pennsylvania for purposes of the Long Arm Statute, specifically by the shipping of its products into Pennsylvania and by its engaging in business in Pennsylvania. Therefore, defendant's conduct brings it within the requirements of Pennsylvania's Long Arm Statute.

Since the first prong of the stated test is met as discussed above, we next address the second prong and determine if defendant had minimal contacts with Pennsylvania.

According to Pennsylvania's Long Arm Statute, Pennsylvania Courts are authorized to extend jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States and may be based on the most *minimum contact* with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S.A. § 5322(b). [Emphasis added]. To determine whether the necessary "minimum contacts" for establishing jurisdiction over a nonresident defendant exist, the Court should consider the state's interest in adjudicating the dispute within its borders and the possible unfairness of compelling a party to litigate in a distinct forum. *Donner v. Tams-Witmark Music Library*, supra, 480 F.Supp. at 1232; *Empire Abrasive Equipment Corp. v. H.H. Watson, Inc.*, 567 F.2d 554, 557–58 (3d Cir.1977).

Pennsylvania clearly has an interest in adjudicating a dispute between a resident corporation, i.e. plaintiff Leshore, and a nonresident corporation which sells merchandise in Pennsylvania, i.e. defendant Total Graphics. Moreover, in the present case defendant may have engaged in a series of negotiations with plaintiff in Pennsylvania over the assignment of Bartell's debt owed to plaintiff, specifically from March 15, 1985 until May 1, 1985.[5]

---

**3.** *See also Dion v. Kiev*, 566 F.Supp. 1387, 1389 (E.D.Pa.1983) wherein the Court applied the stated two prong test.

**4.** *See* affidavit of Lew Ginsberg at page 2, Exhibit "A" of Doc. 4.

**5.** A conflict exists on this point. *See* affidavit of Philip Costanzo, Jr., at pages 1 and 2, Exhibit "A" of Doc. 6, and affidavit of Lew Ginsberg at pages 3 and 4, Exhibit "A" of Doc. 4.

Additionally, defendant Total Graphics has had prior dealings with other Pennsylvania residents. The defendant employs an independent contractor in Pennsylvania who solicits orders in Pennsylvania for the sale of its product line in Pennsylvania.[6] Therefore, we hold that Pennsylvania has an interest in adjudicating the dispute between plaintiff and defendant within its borders.

We also find that there is no inequity in requiring the defendant to litigate the instant action in Pennsylvania. Defendant engages in business in Pennsylvania and may have had a course of negotiations with plaintiff, a Pennsylvania Corporation, involving the resolution of Bartell's debt owed to plaintiff. When defendant Total Graphics began paying on Bartell's debt in March of 1985 and June of 1985 by wiring the money to plaintiff Leshore in Pennsylvania, it could anticipate that if a dispute were to occur it would have to litigate in Pennsylvania. Thus, we find that the contacts of Total Graphics with Pennsylvania are sufficient to support our jurisdiction over it.

■ We next address defendant's claim that venue is not proper in the Middle District of Pennsylvania. This issue is governed by Title 28 United States Code Section 1391(a) which provides: "[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where *all plaintiffs* or all defendants reside, or in which the claim arose." [Emphasis added]. In the instant case, jurisdiction of this Court is invoked on grounds of diversity of citizenship, Title 28 United States Code Section 1332. All plaintiffs in this action namely, Leshore, reside in Archbald, Pennsylvania, which is situated in the Middle District of Pennsylvania. Therefore, leaving aside the question of where the claim arose, it is clear from the plain language of Section 1391(a) that venue is proper in the Middle District of Pennsylvania. Thus, defendant's motion to dismiss because of improper venue shall be denied.

■ As its final basis in support of its motion to dismiss the complaint, Total Graphics claims that service of process was insufficient. Specifically, Total Graphics argues that the complaint does not make reference to any statute which authorizes its service outside of Pennsylvania. Defendant also argues that the summons attached to the complaint was defective because it was not addressed to anyone. We find the defendant's arguments to be without merit.

Federal Rule of Civil Procedure 4(e) allows the federal courts to use the service of process which is authorized by the long arm statute of the state in which the action is commenced. Moreover, the in personam jurisdiction of this Court is coextensive with that of the Pennsylvania Courts. *Donner v. Tams-Witmark Music Library, Inc.,* supra, 480 F.Supp. at 1231. *See also* Federal Rule of Civil Procedure 4(e). According to Pennsylvania's Long Arm Statute, 42 Pa.C.S.A. § 5322(b), this Court has personal jurisdiction over the defendant as long as the constitutional standard of "minimum contacts" is satisfied. *Id.* at 1232. As discussed above, we held that our Court has personal jurisdiction over Total Graphics since it has the constitutionally required minimal contacts with Pennsylvania. Accordingly, we hold that service of process in this action was proper by virtue of Pennsylvania's Long Arm Statute.

The issuance and the form of a summons is governed by Federal Rule of Civil Procedure 4. The summons must be "signed by the clerk, be under the seal of the court, contain the name of the court and the names of the parties, be directed to the defendant, state the name and address of the plaintiff's attorney, ... and the time within which ·these rules require the defendant to appear and defend, and shall notify him that in case of his failure to do so judgment of default will be rendered against him...." Fed.R.Civ.P. 4(b). The rule further provides that "[w]hen, under Rule 4(e), service is made pursuant to a statute ... the summons shall correspond

---

**6.** *See* affidavit of Lew Ginsberg at page 2, Exhibit "A", Doc. 4.

as nearly as may be to that required by the statute...." Fed.R.Civ.P. 4(b).

We have reviewed the summons in light of the foregoing criteria and with it we find no substantial deficiencies.[7]

Total Graphics also requests the Court to transfer venue of this case to the Southern District of Florida. Total Graphics argues that the transfer from the Middle District of Pennsylvania to the Southern District of Florida is in the interest of both parties because both defendants conduct business in Florida and most of the negotiations involving the agreement at issue were conducted in Florida. The pertinent statute is found at Title 28 U.S.C. § 1404(a) which states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In deciding between competing jurisdictions the balancing of conveniences, based upon the stated statutory factors found in 28 U.S.C. § 1404(a), is within the sound discretion of the district court. *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455. The plaintiff's choice of forum in which he initiated the lawsuit must be respected and the burden is on the moving party to establish that a balancing of proper interests weighs in favor of transfer. *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir.1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Fallansbee Metals Co., Inc. v. John T. Clark & Son of New Hampshire, Inc.,* 387 F.Supp. 574, 581 (W.D.Pa.1974). We do not feel defendant Total Graphics has met its burden of establishing that the appropriate interests weigh in favor of transfer.

■ In the instant case, this Court has not been furnished with the names of witnesses to be called and their addresses or the substance of their testimony; nor has the Court been provided with any other information which would assist it in making a rational determination before transferring this action to Florida and thus depriving the plaintiff of its choice of forum in the Middle District of Pennsylvania. *Cf. Bogosian v. Gulf Oil Corp.,* 337 F.Supp. 1230, 1233 (E.D.Pa.1972); *Bonnell v. Baker,* 331 F.Supp. 1373, 1374 (E.D.Pa.1971). Furthermore, defendant has not shown, as it is its burden to do, how it is within the interest of justice to transfer this case to Florida. In short, the defendant has not demonstrated, pursuant to 28 U.S.C. § 1404(a), how the Middle District of Pennsylvania creates problems of convenience for it and its witnesses.

■ Finally, defendant Total Graphics moves the Court to treat its motion to dismiss as a motion for summary judgment pursuant to Fed.R.Civ.P. 12(b). This rule provides that *"[i]f, on a motion asserting the defense ... to dismiss for failure of the pleading to state a claim upon which relief can be granted,* matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ...." [Emphasis added]. Fed.R.Civ.P. 12(b). In the instant case, the defendant filed a motion to dismiss for [1] lack of jurisdiction over the person, [2] insufficiency of process, [3] insufficiency of service of process, and [4] improper venue.[8] Defendant has not filed a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted. Accordingly, pursuant to Fed.R.Civ.P. 12(b) we shall deny defendant's request to treat its motion to dismiss as a motion for summary judgment.

In light of the foregoing discussion, defendant Total Graphics' motion to dismiss the complaint for lack of jurisdiction over its person, insufficiency of process, insufficiency of service of process and improper venue shall be denied. Additionally, defendant's request to transfer this action to the Southern District of Florida and to treat its motion to dismiss as a motion for summary judgment pursuant to Fed.R. Civ.P. 12(b) are denied. An appropriate order will be issued.

---

7. For a copy of the summons See Doc. 2.

8. See Doc. 3.

## ORDER

NOW, this 12 day of September, 1986, IT IS HEREBY ORDERED THAT:

[1] Defendant Total Graphics' motion to dismiss the complaint for lack of jurisdiction over its person, insufficiency of process, insufficiency of service of process and improper venue is denied.

[2] Defendant Total Graphics' request to transfer this action to the Southern District of Florida is denied.

[3] Defendant Total Graphics' request to treat its motion to dismiss as motion for summary judgment pursuant to Fed.R. Civ.P. 12(b) is denied.

[4] Defendant Total Graphics is given twenty [20] days from the date of this Order in which to file an answer to the complaint.