**Leshore CALGIFT, Plaintiff,**

v.

**BANK ONE OF EASTERN OHIO, NATIONAL ASSOCIATION; and the Bank of Virginia, Defendants.**

**Civ. No. 86–1402.**

United States District Court, M.D. Pennsylvania.

Dec. 16, 1986.

Myles R. Wren, O'Mailey, Harris, & Schneider, P.C., Scranton, Pa., for plaintiff.

Stephen W. Saunders, Cody H. Brooks, Henkelman, Kreder, O'Connell, Scranton, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff, a Pennsylvania corporation with its office in Archbald, Pennsylvania, filed a Complaint on October 6, 1986, against Defendant, Bank One of Eastern Ohio, National Association (Bank One) and Defendant, Bank of Virginia, (Defendants). Defendants filed a Motion to Dismiss and a Brief in Support thereof on November 6, 1986. Plaintiff opposed the motion on November 21, 1986. Defendants filed a Reply Memorandum on November 26, 1986 and, consequently, the matter is ripe for disposition. For the reasons set forth below, defendants' Motion to Dismiss will be granted.

## FACTUAL BACKGROUND

In the complaint, plaintiff alleges that in March of 1986, it delivered items to Nordic Capital Corporation d/b/a Royal China Company (Nordic).[1] At the time of the delivery, plaintiff maintains that it was unaware that Nordic had been in liquidation since approximately November of 1985. Plaintiff asserts that defendants allowed Nordic to continue in operations, while exercising a degree of control over the conduct of Nordic's business.[2] When plaintiff sought to retrieve its goods from Nordic, presumably in Ohio, defendants denied plaintiff permission to recover said property. Plaintiff maintains that defendants have committed unwarranted interference

---

**1.** Unfortunately, neither party conclusively sets forth where the goods were delivered. Plaintiff does not aver, however, that the material was delivered to a Pennsylvania location.

**2.** In the complaint, plaintiff avers that defendants allowed Nordic to continue in business after Nordic had been in liquidation. By doing so, defendants apparently were attempting to secure loans given by defendants to Nordic. Document 1 of the Record at ¶¶ 8 and 9. In support of its allegation that defendants were exercising a degree of control over the corporate affairs of Nordic when the goods were delivered in March of 1986, plaintiff maintains that defendants helped continue Nordic's business operations for defendants' own benefit, while not reporting said relationship to other creditors of Nordic. *Id.* at ¶ 11. In addition, plaintiff contends that defendants exerted input into Nordic's affairs "as to merge the interests of the defendants and debtor (Nordic) into the obligation due your plaintiff." *Id.* at ¶ 12. Despite these allegations, plaintiff does not produce any evidence, other than the single collection letter discussed *infra*, demonstrating that defendants conducted any business in Pennsylvania. That is, assuming *arguendo* that plaintiff's contentions are correct, there is no indication that defendants conducted business in this forum.

with plaintiff's property. In support of its position that venue is proper in this district, plaintiff states that telephone contacts and correspondence were conducted between plaintiff and defendants in the Middle District and products were delivered from plaintiff to defendants.

Defendant Bank One is an Ohio corporation with its principal place of business in Ohio and Defendant Bank of Virginia is a Virginia corporation with its principal place of business in Virginia. Apparently, Nordic is incorporated under the laws of the state of New York conducting business in Ohio. As such, defendants maintain that this court lacks *in personam* jurisdiction over defendants.[3]

In support of its position that this court has *in personam* jurisdiction, plaintiff states that defendants have engaged in a course of conduct causing harm to plaintiff in this district and that defendants through their attorneys have attempted to collect accounts receivable of Nordic in this district. Accordingly, plaintiff relies on these two contacts in support of the assertion of personal jurisdiction in this case.

## DISCUSSION

Fed.R.Civ.P. 4(e) permits a district court to assert personal jurisdiction over non-resident defendants to the extent allowed under the law of the state where the district court sits. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61 (3d Cir.1984). Accordingly, in this case, jurisdiction must be proper pursuant to Pennsylvania's long arm statute. For purposes of this motion, the court assumes that defendants' conduct brought them within the requirements of Pennsylvania's long arm statute. Because the court finds that defendants do not have sufficient contacts with this forum to meet federal constitutional standards, however, the complaint will be dismissed. *See Leshore Calgift*

*Corp. v. Total Graphics, Inc.*, 668 F.Supp. 412, 413–14 (M.D.Pa.1986) (Kosik, J.).

After defendants filed their Motion to Dismiss for Lack of Personal Jurisdiction, the burden shifted to plaintiff to demonstrate that defendants had contacts with Pennsylvania sufficient to give this court jurisdiction. *See Stranahan Gear Co., Inc. v. NL Industries, Inc.*, 800 F.2d 53 (3d Cir.1986). In determining whether plaintiff sustains its burden, the status of the parties should not be determinative. *See Dollar Savings Bank v. First Security Bank of Utah*, 746 F.2d 208 (3d Cir.1984). Accordingly, the court must determine whether plaintiff has met its burden of establishing that this court has *in personam* jurisdiction over defendants.

"The central concern of a jurisdictional inquiry is the relationship among the defendant, the forum, and the litigation." *Max Daetwyler Corp. v. R. Myer Corp.*, 762 F.2d 290, 293 (3d Cir.), *cert. denied*, 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985). As stated, even if proper under Pennsylvania law, the assertion of jurisdiction over defendants must comport with federal constitutional standards. *See Haghighi v. Merchants Bank, North*, 667 F.Supp. 198, 200 (M.D.Pa.1986) (Nealon, C.J.). Initially, the court must determine whether the claim being pursued against defendants arises from defendants' forum related activities or from non-forum related activities. *See Reliance Steel Products Co. v. Watson, Ess, Marshall and Enggas*, 675 F.2d 587 (3d Cir.1982). In this case, plaintiff alleges that defendants caused harm in this forum and that they subjected themselves to jurisdiction by collecting delinquent accounts receivable of Nordic from another party. Accordingly, plaintiff apparently attempts to assert both general and specific jurisdiction over defendants.

### I.

General jurisdiction exists when the claim does not arise out of or is unrelated

---

**3.** Defendants also raise improper venue, failure to join an indispensable party and failure to state a claim upon which relief can be granted in support of their motion. Because the court finds that it lacks personal jurisdiction over defendants, the remaining issues will not be discussed.

to the defendants' contacts with the forum. *See Dollar Savings Bank v. First Security Bank of Utah, supra.* Unless defendants have a continuous and systematic general business relationship with the forum state, the cause of action must arise from those activities within the state which would give rise to personal jurisdiction. *See Helicopteros Nacionales De Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). In invoking general jurisdiction, plaintiff must demonstrate that defendants maintained "continuous and substantial forum affiliations." *See Dollar Savings Bank v. First Security Bank of Utah, supra.* Thus, the court must determine whether defendants' attempts to collect delinquent accounts receivable of Nordic from another party, through their attorneys, vests this court with personal jurisdiction over defendants in this unrelated action.

■ Plaintiff submits a letter from James W. Ehrman, Esq., on behalf of Defendant Bank One, directing Edward Plottle Co. (Plottle) of Archbald, Pennsylvania, in this district, to make all future payments due Nordic to Bank One.[4] *See* Document 6 of the Record—Exhibit A. The letter advises Plottle that unless satisfactory payments are made to Defendant Bank of Virginia, acting as Bank One's agent in collecting accounts receivable, collection of the obligation through legal remedies will be pursued. *Id.* Finally, the letter directs that any questions be directed to Bank of Virginia or Bank One. It is apparent to the court that this single letter submitted by plaintiff is insufficient to invoke this court's general jurisdiction over defendants.

4. A copy of the letter is attached to this Memorandum and marked Appendix A.

5. In *Gehling,* the court assumed that defendant advertised in Pennsylvania, thereby drawing students from Pennsylvania to attend defendant medical school. Two individuals associated with defendant undertook a "media swing" which brought them into Pennsylvania. Finally, it appeared that a "feeder program" existed between the defendant and a Pennsylvania college. In connection with this "feeder program",

As stated by our Court of Appeals in *Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539, 541 (3d Cir.1985), the court has general jurisdiction over plaintiff's cause of action only if it is determined that defendants carried on a continuous and substantial part of their business in Pennsylvania. As in *Gehling,* the court finds that plaintiff fails to meet its burden of establishing with reasonable particularity the nature and extent of defendants' contacts with Pennsylvania. *Id.* at 542. Indeed, considering the factual allegations in *Gehling,* the sole letter submitted by plaintiff pales in comparison.[5] While it can be argued that Plottle may have forwarded payments from Pennsylvania to defendants, there is nothing to indicate that defendants derived income for services performed in Pennsylvania.[6]

■ Plaintiff's assertion that this act of attempting to collect a delinquent account constitutes the single act necessary to vest this court with jurisdiction misconstrues the distinction between general and specific jurisdiction. If the instant claim arose out of the debt collection procedure utilized, a different analysis may have been applied. In any event, however, it is clear that this single communication does not demonstrate that defendants have a continuous and systematic business relationship with this forum.

## II.

Secondly, plaintiff maintains that defendants have acted to cause harm to plaintiff in this forum. Presumably, through this allegation, plaintiff attempts to assert specific jurisdiction over defendants. That is, plaintiff claims that defendants' activities relating to the present cause of action

defendant's Director of Admissions twice traveled to Pennsylvania. The Court of Appeals agreed with the district court that general jurisdiction was lacking despite these contacts.

6. Plaintiff submitted the letter with no elaboration concerning if any payments were forthcoming or describing the relationship between Plottle and Nordic. This illustrates plaintiff's failure to meet its burden of establishing personal jurisdiction in this case.

caused harm in this forum so as to warrant the exercise of jurisdiction over defendants. Consequently, the court must determine whether defendants have certain minimum contacts with this forum. As stated, the minimum contacts analysis is insufficient when the defendants' forum activities do not give rise to the claim.

In other words, "[T]he defendant's conduct and connection with the forum State.... [must be] such that he should reasonably anticipate being haled into court there." *See Gehling v. St. George's School of Medicine, Ltd., supra,* at 541 (citing *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). The court must determine whether there are sufficient minimum contacts between defendants and the forum state. *See Worldwide Volkswagen Corp. v. Woodson, supra.* The quality and nature of defendants' activity must be such that it is reasonable and fair to require defendants to conduct their defense in this state. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The nonresident defendants must have purposely availed themselves of the privilege of acting within the forum state. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

As set forth, plaintiff's only allegation in this regard is that defendants' actions in preventing them from taking property of Nordic caused harm to plaintiff in this forum. Presumably, the property in question was located at Nordic's place of business in Ohio. As stated, the parties have not directly addressed this point, *see supra* at 710 n. 1, but it appears that Nordic's place of business is in Ohio. While in the complaint plaintiff alleges that there were telephone contacts and correspondence between plaintiff and defendants in the Middle District and that products were delivered from this forum to defendants, defendants maintain that this is not so and point out that these purported contacts occurred between plaintiff and Nordic, not defendants. As defendants state:

> Defendants are Banks. They do not take shipments of cake plates, pie bakers and coffee mugs in their normal course of business. Further, there were no communications—by letter or telephone, between the Plaintiff and Defendants prior to the Plaintiff's June, 1986, demand for return of property allegedly belonging to it.

Document 4 of the Record at 3. Again, plaintiff does not deny this assertion.[7]

To the extent that plaintiff does claim that it initiated telephone calls to Nordic or to defendants in an attempt to secure its property, it is established that the unilateral activity of those who claim some relationship with nonresident defendants cannot satisfy the requirement of contact with the forum state. *See Hanson v. Denckla, supra.* The fact that plaintiff performed activities in this jurisdiction in an attempt to secure its property does not establish that defendants have the requisite contact to establish jurisdiction. *See Time Share Vacation Club v. Atlantic Resorts, Ltd., supra.*[8]

■ Accordingly, it must be determined whether plaintiff's allegation that defend-

---

7. It would appear that defendants' factual contacts with this forum are largely undisputed. When a plaintiff's claim is not clearly frivolous, a district court ordinarily will allow discovery on the jurisdiction issue in order to aid plaintiff in discharging its burden of establishing *in personam* jurisdiction. *See Compagnie Des Bauxites De Guinee v. L'Union Atlantique, S.A. D'Assurances,* 723 F.2d 357 (3d Cir.1983). Plaintiff has not requested additional discovery on the jurisdiction issue and, as stated, it appears that such discovery would be futile in the wake of the apparent agreement that defendants' forum activities are limited to the collection effort already discussed and the purported causing of harm in this forum.

8. In addition, generally, the mere placing of phone calls by a defendant into the forum state does not constitute purposeful availing so as to render the exercise of jurisdiction over defendant proper. *See Bucks County Playhouse v. Bradshaw,* 577 F.Supp. 1203 (E.D.Pa.1983); *see also Pennsylvania Manufacturers Ass'n Insurance Co. v. Township of Gloucester,* 493 F.Supp. 1047 (E.D.Pa.1980) (where only affirmative acts directed to jurisdiction were two (2) letters by defendant to plaintiff, the court stated that plaintiff wisely did not attempt to build this correspondence into a basis for jurisdiction).

ants have caused harm in this forum is sufficient to assert jurisdiction over defendants. Our Court of Appeals has found that a plaintiff's assertion that a default in this forum caused economic impact in this state was of little weight. *See Dollar Savings Bank v. First Security Bank of Utah, supra,* at 213. The court stated, "[I]f incidental economic detriment as such furnishes a contact for jurisdictional purposes, then every monetary claim would per se furnish the predicate for personal jurisdiction over a nonresident debtor." *Id.* (citations omitted). In this case, plaintiff seeks to have personal jurisdiction asserted over defendants because of the purported economic impact on plaintiff in this forum. Plaintiff's claim on this ground must fail.

Moreover, our Court of Appeals has stated that in commercial transactions, a court should not be concerned with the "effects doctrine" as applied to a tort claim. *Id.* In this case, plaintiff is not alleging that defendants directed acts at or into this forum thereby causing harm here, but instead aver that defendants' acts outside this forum caused incidental economic impact here. *Compare Brown v. Flowers Industry, Inc.,* 688 F.2d 328 (5th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983) (defendant not denied due process by being subject to suit in the forum state when defendant directed a telephone call into the forum state and allegedly committed an intentional tort which had an injurious effect in the forum state) *with Paul v. Int'l Precious Metals Corp.,* 613 F.Supp. 174 (S.D.Miss.1985) (emphasizing that *Brown* dealt with a defamatory telephone call) *and Haghighi v. Merchants Bank, North, supra* (emphasizing that *Brown* concerned an intentional tort committed in the forum).

This is not a case where defendants have created continuing obligations between themselves and plaintiff. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). It is apparent that plaintiff had a business relationship with Nordic, not defendants. Moreover, as discussed, there is nothing in the record to indicate that defendants had any continuing business contacts with this forum. That is, plaintiff fails to establish sufficient contacts between defendants and Pennsylvania, despite allegations that defendants exerted input into Nordic's business affairs. In sum, considering the appropriate factors, the court finds that the assertion of personal jurisdiction in this case does not comport with "fair play and substantial justice." *Id.*[9]

An appropriate Order will enter.

## APPENDIX A

LAW OFFICES

MANCHESTER, BENNETT, POWERS & ULLMAN CO., L.P.A.

ELEVENTH FLOOR

BANK ONE BUILDING

YOUNGSTOWN, OHIO 44503

TELEPHONE (216) 743–1171

TELECOPIER (216) 743–1190

September 15, 1986

Edward Plottle Co.
Pine St.
Archbald, PA 18403

Re: Nordic Capital Corporation dba Royal China Company

Gentlemen:

Our office represents Bank One of Eastern Ohio, National Association ("Bank One"). In accordance with the terms and conditions of a Loan and Security Agreement between Nordic Capital Corporation doing business as Royal China and Bank One, dated March 28, 1984, Bank One hereby notifies you that it has a perfected

---

9. While a district court lacking personal jurisdiction may transfer a case to a district in which the case could have been brought originally, *see Gehling v. St. George's School of Medicine, Ltd., supra,* in this case, plaintiff has not requested such a transfer. In *Gehling,* the Court of Appeals directed that the district court, *if requested,* should examine a motion for transfer. Accordingly, the court will not transfer the case. In so doing, the court notes that there does not appear to be any statute of limitations barrier to plaintiff's commencing suit in the proper forum.

security interest in *all* accounts receivable of Nordic Capital Corporation. This security interest has been obtained and perfected pursuant to the requirements of the Uniform Commercial Code as adopted by the State of Ohio.

Notice is hereby made that in accordance with Section 1309.37(C) of the Ohio Revised Code (UCC 9–318(3)), all future payments which you are required to make to Nordic Capital Corporation and/or Royal China Company should be mailed directly to and made payable to Bank of Virginia, P.O. Box 25641, Richmond, Virginia 23260. Bank of Virginia is acting as the agent of Bank One in collecting these accounts receivable.

Attached is a statement indicating your current obligations due to Nordic Capital Corporation and/or Royal China Company, prepared from their records. This is to advise you that unless payment of the amount owed, or satisfactory arrangements for such payment are received by Bank of Virginia by the close of business July 15, 1986, we will proceed with the collection of your obligations through the legal remedies available to us.

FUTURE PAYMENTS TO ANY PARTY OTHER THAN BANK OF VIRGINIA DOES NOT CONSTITUTE PAYMENT. An envelope is enclosed making it convenient for you to respond. Please do so before putting this aside.

Your questions regarding this matter should be directed to Charles T. Nuttle of Bank of Virginia at 804–771–7406 or to B.J. Lumpkin of Bank One at 216–742–6729.

Very truly yours,
/s/ James W. Ehrman
James W. Ehrman