688 F.2d 328
 Pete Harding BROWN and Mott's Inc. of Mississippi,
Plaintiffs-Appellants,
v.
FLOWERS INDUSTRIES, INC., A Delaware Corporation, Jerry
Kralis, and Kralis Brothers Foods, Inc., An
Indiana Corporation, Defendants-Appellees.
 No. 81-4451.
 United States Court of Appeals,
Fifth Circuit.
 Sept. 22, 1982.
 
 Cliff Finch, Batesville, Miss., William Clement Walker, Jr., University, Miss., for plaintiffs-appellants.
 Jackson H. Ables, III, Jackson, Miss., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Mississippi.
 Before BROWN, RUBIN and REAVLEY, Circuit Judges.
 ALVIN B. RUBIN, Circuit Judge:
 
 
 1
 This suit was dismissed by the district court for want of jurisdiction on the basis that due process would be denied by assuming jurisdiction over a nonresident defendant whose sole contact with the forum state was the making of a single defamatory telephone call to a person in that state. Concluding that, under the facts presented, due process permits invocation of jurisdiction over a nonresident who commits in whole or in part a single tort in a state, we reverse.
 
 
 2
 * Seeking the benefit of diversity jurisdiction, 28 U.S.C. § 1332 (1976), which permits a resident of the forum state to resort to federal court to assert a claim against a nonresident for relief that a state court could afford,[1] Pete Harding Brown, a Mississippi resident, and Mott's Inc. of Mississippi, a Mississippi corporation with its principal place of business in Mississippi, sued Flowers Industries, Inc. ("Flowers"), a Delaware corporation with its principal place of business in Georgia; Kralis Brothers Foods, Inc. ("Kralis Brothers"), an Indiana corporation with its principal place of business in Indiana; and Jerry Kralis ("Kralis"), an Indiana resident and president of Kralis Brothers. None of the defendants is qualified to do business in Mississippi.
 
 
 3
 The plaintiffs alleged that the defendants conspired to and did cause them economic and other injuries, and, although relying on diversity jurisdiction, that the defendants also violated the Sherman Antitrust Act, 15 U.S.C. §§ 1-7, and the Robinson-Patman Act, 15 U.S.C. §§ 13-13b, 21a. This was accomplished, they contend, in October 1979 when Kralis made a defamatory telephone call from Indiana to the United States Attorney in Oxford, Mississippi. The plaintiffs allege that the conspiracy and telephone call caused them to lose the chance to obtain a $4 million loan from the Farmers Home Administration.
 
 
 4
 Service of process was made under the Mississippi long-arm statute, Miss. Code Ann. § 13-3-57 (Cum. Supp. 1981).[2] The defendants moved to dismiss the action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). This motion was granted by the district court based on its findings that (1) Flowers had "no contacts at all with Mississippi"; (2) Kralis Brothers had neither purchased nor sold products in Mississippi, and had no employees or agents there; and (3) Kralis had no contacts with Mississippi other than the October 1979 telephone call he made to the United States Attorney in Mississippi and a two-day visit to the state more than twelve years ago. The district court reasoned: "We assume, without deciding, that the telephone call placed by Jerome Kralis from his office in Mentone, Indiana, to the Office of the United States Attorney in Oxford, Mississippi, was sufficient to come within the ambit of § 13-3-57, ... and authorize service of process upon (Kralis) and perhaps (Kralis Brothers) based upon commission of a tort in whole or in part in Mississippi .... (T)he court is unable to conclude that this single contact with Mississippi is sufficient to subject defendants to in personam jurisdiction there." The defendants admit that Kralis made the telephone call although they dispute the plaintiffs' contention that the message was defamatory. They also admit he was acting as an officer of Kralis Brothers but they deny he was an agent or employee of Flowers. They submitted affidavits, not adequately countered, saying that, although Flowers is a holding company that owns stock in Kralis Brothers, Kralis is neither an officer nor an employee of Flowers and was not acting as an agent of Flowers when he made the telephone call.
 
 II
 
 5
 In a diversity action a federal court enjoys jurisdiction over a nonresident defendant to the extent permitted by the long-arm statute of the forum state. Quasha v. Shale Dev. Corp., 667 F.2d 483, 485-86 (5th Cir. 1982); Moore v. Lindsey, 662 F.2d 354, 357-58 (5th Cir. 1981); Fed. R. Civ. P. 4(d)(7), (e); 4 C. Wright & A. Miller, Federal Practice and Procedure § 1115, at 470 (1969). Two tests must be met before a state statute can confer jurisdiction over a nonresident defendant. First, the defendant must be amenable to service under the statute,[3] a requirement that is controlled by the law of the forum state.[4] Second, assertion of jurisdiction over the defendant must be consistent with the due process clause of the fourteenth amendment,[5] a requirement that is controlled by federal law.[6] Due process requires that a nonresident defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,' "[7] or that he perform some act "by which (he) purposefully avails (him)self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,"[8] before the forum may extend its long-arm to embrace him.[9]
 
 
 6
 The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant. Southwest Offset, Inc. v. Hudco Publishing Co., 622 F.2d 149, 152 (5th Cir. 1980) (per curiam); Thorington v. Cash, 494 F.2d 582, 584 n. 4 (5th Cir. 1974). Because the district court decided the defendants' motion solely on the basis of affidavits, the plaintiffs were required only to present a prima facie case for personal jurisdiction. Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981); Data Disc, Inc. v. Systems Technology Assocs., 557 F.2d 1280, 1285 (9th Cir. 1977).[10] On a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, except as controverted by the defendants' affidavits, must be taken as true. E.g., Black v. Acme Mkts., Inc., 564 F.2d 681, 683 n. 3 (5th Cir. 1977).
 
 
 7
 In this case jurisdiction was predicated on one long-distance telephone call that was alleged to constitute a tort committed "in whole or in part" in Mississippi. The plaintiffs carried their burden of establishing jurisdiction by alleging in their complaint and affidavits facts to support their claim that Kralis defamed them and caused them injury in Mississippi. Although there are conflicts between some of the facts alleged by the plaintiffs and those alleged by the defendants in their affidavits, such conflicts "must be resolved in plaintiff(s') favor for purposes of determining whether a prima facie case for in personam jurisdiction has been established." United States Ry. Equip. Co. v. Port Huron & Detroit R.R., 495 F.2d 1127, 1128 (7th Cir. 1974).
 
 
 8
 The Mississippi long-arm statute, supra note 2, provides: "Any nonresident person ... who shall ... commit a tort in whole or in part in this state against a resident ... of this state ... shall by such act or acts be deemed to be doing business in Mississippi." The district court assumed, without deciding, that Kralis' telephone call came within the ambit of the Mississippi statute. This assumption was warranted. Both by its language and by interpretation[11] the statute includes in its reach defendants who commit a single tort. An alleged tortfeasor need not have been present in the state. If, as is alleged in this case, he causes injury in Mississippi, he is covered by the statute. Smith v. Temco, Inc., 252 So.2d 212, 216 (Miss.1971). Thus this case resembles other cases in which courts have held that conduct like Kralis' is covered by long-arm statutes similar to the Mississippi statute.[12]
 
 
 9
 The district court erroneously concluded, however, that this one contact was insufficient under the due process clause to subject the defendants to in personam jurisdiction. The number of contacts with the forum state is not, by itself, determinative. Quasha v. Shale Dev. Corp., 667 F.2d at 488; Product Promotions, Inc. v. Cousteau, 495 F.2d 483, 495 (5th Cir. 1974).[13] What is more significant is whether the contacts suggest that the nonresident defendant purposefully availed himself of the benefits of the forum state. Quasha v. Shale Dev. Corp., 667 F.2d at 488.[14]
 
 
 10
 "When a defendant purposefully avails himself of the benefits and protection of the forum's laws-by engaging in activity ... outside the state that bears reasonably foreseeable consequences in the state-maintenance of the law suit does not offend traditional notions of fair play and substantial justice." Mississippi Interstate Express, Inc. v. Transpo, Inc., 681 F.2d 1003, 1007 (5th Cir. 1982) (citation omitted). In addition to the existence of foreseeable consequences, courts consider "the quantity of contacts, and the source and connection of the cause of action with those contacts" in determining whether a defendant's actions constitute "purposeful availment." Products Promotions, Inc. v. Cousteau, 495 F.2d 483, 494 n. 17 (5th Cir. 1974). Accord Standard Fittings Co. v. Sapang, S.A., 625 F.2d 630, 643 (1980), cert. denied, 451 U.S. 910, 101 S.Ct. 1981, 68 L.Ed.2d 299 (1981).
 
 
 11
 Two other factors are also relevant in determining whether the exercise of personal jurisdiction comports with due process. The first is "the interest of the state in providing a forum for the suit." Austin v. North American Forest Products, Inc., 656 F.2d 1076, 1090 (5th Cir. 1981); Products Promotions, supra, 495 F.2d at 498. Finally, the "relative conveniences and inconveniences to the parties" are also relevant. Austin, supra, 656 F.2d at 1090; Products Promotions, supra, 495 F.2d at 495.
 
 
 12
 These considerations lead us to conclude that the defendants are not denied due process by being subjected to suit in Mississippi. Kralis initiated the telephone call[15] and allegedly committed an intentional tort.[16] The injurious effect of the tort, if one was committed, fell in Mississippi, which the defendant could easily have foreseen. Rusack v. Harsha, 470 F.Supp. 285, 291 (M.D. Pa. 1978). The injury was felt entirely by a Mississippi resident and a Mississippi corporation. Forcing them to travel to Indiana to litigate would not advance "(their) interest in obtaining convenient and effective relief." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490, 498 (1980). There are only two witnesses likely to be called with regard to the content of the telephone call: one of them, the United States Attorney, resides in Mississippi; the other is, of course, Kralis. All of the witnesses to the effect of the call reside in Mississippi. See Rusack v. Harsha, 470 F.Supp. at 291; cf. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947) (forum non conveniens).
 
 
 13
 We intimate no opinion concerning the sufficiency of the evidence against the defendants to survive a motion for summary judgment. That issue, like many others lurking in the case, may be presented to the district court now that its jurisdiction is established.
 
 
 14
 The judgment of dismissal is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 Diversity jurisdiction permits a nonresident to seek a federal forum to avoid the partisanship that state courts might show for their own citizens. Pease v. Peck, 59 U.S. (18 How.) 595, 599, 15 L.Ed. 518, 520 (1856); Aerojet-General Corp. v. Askew, 511 F.2d 710, 716 n. 6 (5th Cir.), cert. denied, 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). The diversity statute, however, permits resort to federal court even by a resident, who would presumably have nothing to fear from the processes of a state forum when suing a nonresident. E.g., Smith v. Metropolitan Property & Liab. Ins. Co., 629 F.2d 757, 761 n. 7 (2d Cir. 1980)
 
 
 [2]
 Section 13-3-57 provides:
 SERVICE WHEN DEFENDANT IS NONRESIDENT DOING BUSINESS IN STATE-APPOINTMENT OF SECRETARY OF STATE AS AGENT.
 Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall ... commit a tort in whole or in part in this state against a resident or nonresident of this state ... shall by such act or acts be deemed to be doing business in Mississippi. Such act or acts shall be deemed equivalent to the appointment by such nonresident of the secretary of state of the State of Mississippi, or his successor or successors in office, to be the true and lawful attorney or agent of such nonresident upon whom all lawful process may be served in any actions or proceedings accrued or accruing from such act or acts, or arising from or growing out of such ... tort, or as an incident thereto, by any such nonresident or his, their or its agent, servant or employee.
 ....
 The ... committing of such tort in this state, shall be deemed to be a signification of such nonresident's agreement that any process against it or its representative which is so served upon the secretary of state shall be of the same legal force and effect as if served on the nonresident at its principal place of business in the state or country where it is incorporated and according to the law of that state or country.
 Service of any process herein provided for to be made upon the secretary of state shall be made in like manner and procedure, inclusive of notice of service, and with the same force and effect, as is provided by law for service on nonresident motorist defendants under (Miss. Code Ann.) section 13-3-63, provided, however, that service of process may be had in any county of the state where the defendants, or any of them, may be found.
 The provisions of this section shall likewise apply to any person who is a nonresident at the time any action or proceeding is commenced against him even though said person was a resident at the time any action or proceeding accrued against him.
 
 
 [3]
 Walker v. Newgent, 583 F.2d 163, 166 (5th Cir. 1978), cert. denied, 441 U.S. 906, 99 S.Ct. 1994, 60 L.Ed.2d 374 (1979); 2 J. Moore & J. Lucas, Moore's Federal Practice P 4.41-1(3), at 4-443 (2d ed. 1982)
 
 
 [4]
 Terry v. Raymond Int'l, Inc., 658 F.2d 398, 401 (5th Cir. 1981), cert. denied, --- U.S. ----, 102 S.Ct. 1975, 72 L.Ed.2d 443 (1982); 4 C. Wright & A. Miller, Federal Practice and Procedure § 1075, at 313, 316 (1969)
 
 
 [5]
 Oswalt v. Scripto, Inc., 616 F.2d 191, 196 (5th Cir. 1980); Product Promotions, Inc. v. Cousteau, 495 F.2d 483, 489 (5th Cir. 1974); 2 J. Moore & J. Lucas, Moore's Federal Practice P 4.41-1(3), at 4-446 (2d ed. 1982)
 
 
 [6]
 Terry v. Raymond Int'l, Inc., 658 F.2d at 401; Jetco Elec. Indus., Inc. v. Gardiner, 473 F.2d 1228, 1232 (5th Cir. 1973); 4 C. Wright & A. Miller, Federal Practice and Procedure § 1075, at 316 (1969)
 
 
 [7]
 International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 101 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278, 283 (1940))
 
 
 [8]
 Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1297 (1958)
 
 
 [9]
 The "minimum contacts" test applies to individuals as well as to corporations. Calagaz v. Calhoun, 309 F.2d 248, 254-55 (5th Cir. 1962); San Juan Hotel Corp. v. Lefkowitz, 277 F.Supp. 28, 30 (D.P.R. 1967); see Kulko v. Superior Ct., 436 U.S. 84, 91-92, 98 S.Ct. 1690, 1696-97, 56 L.Ed.2d 132, 140-141 (1978). Likewise, the Mississippi long-arm statute applies to individual as well as to corporate defendants. Alford v. Whitsel, 322 F.Supp. 358, 361 (N.D. Miss. 1971)
 
 
 [10]
 See Jetco Elec. Indus., Inc. v. Gardiner, 473 F.2d at 1232
 
 
 [11]
 See Alford v. Whitsel, 322 F.Supp. at 362
 
 
 [12]
 See, e.g., State ex rel. Advanced Dictating Supply, Inc. v. Dale, 269 Or. 242, 246-48, 524 P.2d 1404, 1406-07 (1974) (Oregon law) (out-of-state defendant's single defamatory telephone conversation conferred jurisdiction); Myers v. John Deere Ltd., 683 F.2d 270, 271-72 (8th Cir. 1982) (North Dakota law); National Egg Co. v. Bank Leumi le-Israel B.M., 504 F.Supp. 305, 309-12 (N.D. Ga. 1980) (Georgia law); J.E.M. Corp. v. McClellan, 462 F.Supp. 1246, 1247 (D. Kan. 1978) (Kansas law); cf. Murphy v. Erwin-Wasey, Inc., 460 F.2d 661, 664 (1st Cir. 1972) ("Where a defendant knowingly sends into a state a false statement, intending that it should there be relied upon to the injury of a resident of that state, he has, for jurisdictional purposes, acted within that state."). See generally Margoles v. Johns, 483 F.2d 1212, 1216 (D.C. Cir. 1973) ("Statutes which (like Mississippi's) predicate jurisdiction over a non-resident upon the commission of 'a tort in whole or in part' within the jurisdiction ... are broadly construed.")
 
 
 [13]
 See Benjamin v. Western Boat Bldg. Corp., 472 F.2d 723, 726 (5th Cir.) ("very little purposeful activity within a state is necessary to satisfy the minimum contacts requirement"), cert. denied, 414 U.S. 830, 94 S.Ct. 60, 38 L.Ed.2d 64 (1973); cf. In-Flight Devices Corp. v. Van Dusen Air, Inc., 466 F.2d 220, 235 (6th Cir. 1972) ("A letter or a telephone call may, in a given situation, be as indicative of substantial involvement with the forum state as a personal visit by the defendant or its agents.")
 
 
 [14]
 See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980) ("(T)he foreseeability that is critical to due process analysis ... is that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.")
 
 
 [15]
 Compare Cook Assocs., Inc. v. Colonial Broach & Mach. Co., 14 Ill.App.3d 965, 970, 304 N.E.2d 27, 31 (1973) ("(It) was defendant ... who initiated the business transaction in question by telephoning plaintiff ....") with McBreen v. Beech Aircraft Corp., 543 F.2d 26, 31 (7th Cir. 1976) ("The sole contact between defendant ... and the forum in this case consisted of remarks made during a telephone call which was neither solicited nor initiated by the defendant.")
 
 
 [16]
 "(W)hether an act is intentional or negligent can have a distinct bearing on whether the exercise of jurisdiction thereover is constitutional, for it goes directly to fairness and the degree to which an individual has purposefully availed himself of the privilege of conducting activities within the forum state." Margoles v. Johns, 483 F.2d at 1220; see Bangor Punta Operations, Inc. v. Universal Marine Co., 543 F.2d 1107, 1110 & n. 5 (5th Cir. 1976); Murphy v. Erwin-Wasey, Inc., 460 F.2d at 664