Parviz Haghighi ABYANEH and Iran Haghighi, Plaintiffs,

v.

MERCHANTS BANK, NORTH, successor by merger to First State Bank, Defendant and Third-Party Plaintiff,

v.

CITIZENS SAVINGS & LOAN ASSOCIATION OF ROCKY MOUNT, NORTH CAROLINA, Third-Party Defendant.

Civ. No. 86–0704.

United States District Court, M.D. Pennsylvania, Third Circuit Division.

Oct. 21, 1986.

Hoegen & Marsh, Glenn G. Yanik, Wilkes-Barre, Pa., for plaintiffs.

Charles A. Shea, III, Shea, Shea & Caputo, Wilkes-Barre, Pa., for Merchants Bank et al.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Defendant Merchants Bank, North, (Merchants) filed a third-party complaint against Citizens Savings & Loan Association of Rocky Mount, North Carolina (Citizens), on July 28, 1986. Citizens filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(2) requesting that the third-party complaint against it be dismissed for a lack of *in personam* jurisdiction. A brief in support of the motion was filed on August 25, 1986. Merchants opposed the motion on September 11, 1986 and plaintiffs opposed on September 10, 1986. Citizens filed a reply brief on September 23, 1986. Accordingly, this matter is ripe for disposition.[1] For the reasons set forth below, third-party Defendant Citizens Savings & Loan Association of Rocky Mount, North Carolina's Motion to Dismiss will be granted.

## FACTUAL BACKGROUND

Plaintiff, Parviz Haghighi Abyaneh, instituted suit against Merchants, claiming that funds from an account at Merchants owned by plaintiff and his sister, Iran Haghighi, were removed by Merchants on May 23, 1984, without authorization from either owner of the account. Parviz Haghighi Abyaneh claims that a wire transfer of funds from Merchants to Citizens on May 23, 1984, was unauthorized and, therefore, Merchants is liable to plaintiff for the amount so transferred, approximately $53,000.00.

In its third-party complaint, Merchants claims that Citizens is liable to it if Merchants is liable to plaintiff because the wire transfer was made pursuant to instructions given by Citizens over the telephone at the request of a person whom Citizens identified as Parviz Haghighi Abyaneh. Merchants, however, denies liability to plaintiff, claiming that plaintiff did, in fact, authorize the transfer in question.

Merchants is a banking institution organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Wilkes-Barre, Pennsylvania. Citizens is a savings and loan association located in Rocky Mount, North Carolina. As stated, Merchants avers that Citizens is liable to Merchants for all or part of plaintiff's claim against Merchants because Citizens wrongfully participated in the transfer in question.

## DISCUSSION

At the outset, the court acknowledges that after a party files a motion to dismiss for lack of personal jurisdiction, the burden shifts to the opposing party to demonstrate that the defendant has contacts with Pennsylvania sufficient to give this court jurisdiction. *See Stranahan Gear Co., Inc. v. NL Industries, Inc.,* 800 F.2d 53 (3d Cir.1986). In determining whether plaintiffs sustain their burden, the status of the parties is not determinative. *See Dollar Savings Bank v. First Security Bank of Utah,* 746 F.2d 208 (3d Cir.1984). Thus, the court must determine whether plaintiffs and Merchants have met their burden of establishing that this court has *in personam* jurisdiction over Citizens.

"The central concern of a jurisdictional inquiry is the relationship among the defendant, the forum and the litigation." *Max Daetwyler Corp. v. R. Myer Corp.,* 762 F.2d 290, 293 (3d Cir.), *cert. denied,* 474 U.S. 980, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985). Fed.R.Civ.P. 4(e) permits a district court to assert personal jurisdiction over a non-resident to the extent allowed under

---

1. In its motion, Citizens requested oral argument pursuant to Local Rule 404. As the parties' arguments are sufficiently set forth in the supporting and opposing briefs, the court deems oral argument unnecessary.

the law of the state where the district court sits. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.,* 735 F.2d 61 (3d Cir.1984). The Pennsylvania Long Arm Statute, 42 Pa.Cons.Stat.Ann. § 5322(b), allows a district court to exercise jurisdiction over a person "to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." The reach of the Pennsylvania statute is coextensive with the Due Process Clause of the United States Constitution. *See Time Share Vacation Club v. Atlantic Resorts, Ltd., supra.*

Section 5322(b) represents the greatest extent to which jurisdiction can be asserted over a non-resident defendant. Accordingly, because the court finds that the assertion of jurisdiction in this case does not comport with constitutional standards, it is unnecessary to determine whether jurisdiction is proper under any of the "specific act" sections of the Pennsylvania statute. *See* 42 Pa.Cons.Stat.Ann. § 5322(a). That is, even if proper under Pennsylvania law, the assertion of jurisdiction over Citizens must comport with federal constitutional standards.

Initially, the court must determine whether the claim being pursued against Citizens arises from Citizens' forum related activities or from non-forum related activities. *See Reliance Steel Products Co. v. Watson, Ess, Marshall and Enggas,* 675 F.2d 587 (3d Cir.1982). In this case, it is clear that any claim against Citizens arises out of Citizens' forum related activities. That is, the claim emanates from the same activities upon which jurisdiction is based. Consequently, the court must determine whether Citizens has certain minimum contacts with this forum in order for this court to invoke specific jurisdiction over it.[2]

In other words, "... the defendant's conduct and connection with the forum State ... [must be] such that he should reasonably anticipate being haled into court there." *See Gehling v. St. George's School of Medicine, Ltd.,* 773 F.2d 539, 541 (3d Cir.1985) (citing *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). Under this analysis the court must ask whether there are sufficient minimum contacts between the defendant and the forum state. *See Worldwide Volkswagen Corp. v. Woodson, supra.* The quality and nature of the defendant's activity must be such that it is reasonable and fair to require the defendant to conduct his defense in this state. *Kulko v. Superior Court of California,* 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Finally, a non-resident defendant must have purposefully availed itself of the privilege of acting within the forum state. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). In light of this analysis, the court must determine whether these constitutional standards are met in this case.

The affidavit of Henry Hicks submitted with Citizens' motion demonstrates that Citizens has no business contacts with the Commonwealth. *See* Document 11 of the Record. Indeed, the affidavit clearly establishes that the only contact Citizens has with the Commonwealth is the phone calls on or about May 23, 1984, initiated in order to affect a wire transfer from Merchants to an individual identifying himself as Plain-

---

**2.** On the other hand, general jurisdiction exists when the claim does not arise out of or is unrelated to the defendant's contacts with the forum. The minimum contacts analysis is insufficient when the defendant's forum activities do not give rise to the claim. In invoking general jurisdiction, a plaintiff must demonstrate that the defendant maintained "continuous and substantial forum affiliations." *See Dollar Savings Bank v. First Security Bank of Utah, supra.* In other words, unless a defendant has continuous and systematic general business contacts with the forum state, the cause of action must arise from those activities within the state which would give rise to personal jurisdiction. *See Helicopteros Nacionales de Colombia, S.A., v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The facts do not indicate and the parties do not argue, that this court would have general jurisdiction over Citizens. There is no indication that Citizens had continuous and systematic general business contacts with this forum.

tiff Parviz Haghighi Abyaneh. These three (3) telephone calls made for the transfer of funds to another North Carolina bank, Planters National Bank, for eventual transfer to Citizens are the only contacts between Citizens and the Commonwealth of Pennsylvania.[3]

■ The court must determine whether the three (3) telephone calls emanating from Citizens in North Carolina to Merchants in Pennsylvania are sufficient to confer jurisdiction in this case. As Citizens maintains, the fact that Merchants performed activity in Pennsylvania in reliance on those telephone calls does not establish sufficient minimum contact to assert jurisdiction. The fact that a plaintiff performs activities in this jurisdiction, albeit in compliance with the terms of a contract with defendant or as a result of representations made by a defendant, does not establish that defendants had the requisite contact to establish jurisdiction. *See Time Share Vacation Club v. Atlantic Resorts, Ltd., supra.* Put another way, the unilateral activity of those who claim some relationship with a non-resident defendant cannot satisfy the requirement of contact with the forum state. *See Hanson v. Denckla, supra.* The question is whether the phone calls from Citizens to Merchants in the forum state were so numerous, continuous or of such a substantial quality as to justify the assumption of jurisdiction in this case. *See Baron & Co., Inc. v. Bank of New Jersey,* 497 F.Supp. 534, 538 (E.D.Pa. 1980). In this case, the court finds that the telephone calls in question are not sufficient to confer jurisdiction. *See Pennsylvania Manufacturers Ass'n Insurance Co. v. Township of Gloucester,* 493 F.Supp. 1047 (E.D.Pa.1980) (where only affirmative acts directed to jurisdiction were two (2) letters by defendant to plaintiff, court stated that plaintiff wisely did not attempt to build this correspondence into a basis for jurisdiction).

In making this determination, the court acknowledges that generally, the mere placing of phone calls by a defendant into the forum state does not constitute purposeful availing and, therefore, does not confer jurisdiction over the defendant. *See Bucks County Playhouse v. Bradshaw,* 577 F.Supp. 1203 (E.D.Pa.1983). *See also Time Share Vacation Club, Inc. v. Atlantic Resorts, Ltd., supra* (mere issuing of a check which finds its way into a Pennsylvania bank does not provide the requisite foreseeability of economic impact in Pennsylvania); *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.,* 700 F.2d 1026 (5th Cir. 1983), *cert. denied,* 466 U.S. 962, 104 S.Ct. 2180, 80 L.Ed.2d 561 (1984) (payment of checks into the forum state is not weighed heavily).

Moreover, as Citizens maintains, the initial telephone contact between Citizens and Merchants occurred at the request of the person who identified himself as Parviz Haghighi Abyaneh. A Citizens' employee dialed Merchants' number in Pennsylvania and Mr. Abyaneh first spoke with Merchants' personnel in Pennsylvania. While it appears that Citizens initiated two (2) other telephone calls with Merchants, the court finds this insufficient for jurisdictional purposes. *See* Document 12 of the Record (affidavit of Lyn Troxler) and Document 15 of the Record (affidavit of Joseph J. Guzzi).

In *Dollar Savings Bank v. First Security Bank of Utah, supra,* our Court of Appeals found that the minimum contacts required for due process had not been established when a non-resident bank did no more than borrow from and repay a loan to a forum bank by wire transfer. *Id.* at 209. In that case, the facts revealed that First

---

**3.** Due to the undisputed extent of Citizens' factual contacts with this forum, the court deems it unnecessary to grant plaintiffs or Merchants additional opportunities to conduct discovery on the jurisdiction issue. *Cf. Compagnie Des Bauxites De Guinee v. L'Union Atlantique S.A. D'Assurances,* 723 F.2d 357 (3d Cir.1983) (where plaintiff's claim is not clearly frivolous, the district court should ordinarily allow discovery on jurisdiction in order to aid plaintiff in discharging his burden of establishing *in personam* jurisdiction). Merchants has not requested such discovery and, as stated, the court finds that it would be futile in the wake of the uncontroverted affidavit of Henry Hicks and the parties' apparent concession that Citizens' only contacts with this forum are the three (3) telephone calls in question.

Security Bank of Utah borrowed money in a series of transactions from the Dollar Savings Bank of Pittsburgh. The Utah bank used the funds to purchase refrigerated shipping containers and gave security interests in the same to a trust company who later assigned the security interests to the Pennsylvania bank. When the Pennsylvania bank filed a complaint to foreclose on the collateral, the Utah bank moved to dismiss the complaint for lack of personal jurisdiction. *Id.* at 210. Before defaulting, the Utah bank made payments on the loan to the Pennsylvania bank by wire transfer to Pittsburgh. The Utah bank, however, was not licensed to do business in Pennsylvania, never maintained an office, never had a telephone listing or bank account in Pennsylvania and never solicited business or had employees in this state.

In finding that jurisdiction was lacking in this forum, the Court of Appeals rejected the Pennsylvania bank's contentions that because the notes were delivered in Pennsylvania, the funds were transferred and repaid in Pennsylvania and the default impacted the Pennsylvania bank in this state, enough contacts have been shown to satisfy due process. *Id.* In so doing, our Court of Appeals found that the Pennsylvania bank's assertion that the default caused an economic impact in this state was of little weight. As the court stated, "... if incidental economic detriment as such furnishes a contact for jurisdictional purposes, then every monetary claim would per se furnish the predicate for personal jurisdiction over a nonresident debtor." *Id.* at 213 (citations omitted).

Similarly, in *T.J. Raney & Sons, Inc. v. Security Savings & Loan Ass'n*, 749 F.2d 523 (8th Cir.1984), the contacts between the defendant and the forum state were limited to telephone calls and wire or mail transfers of money. The Eighth Circuit Court of Appeals found that the district court properly concluded that the use of interstate mail, telephone or banking facilities, standing alone, was insufficient to satisfy the requirements of due process. *Id.* at 525. As stated, Merchants wired the money to Planters National Bank of Rocky Mount, North Carolina, not a party to this

action, and the unilateral activity of Merchants in wiring the money cannot form a contact for jurisdictional purposes. The court finds that in this case the three (3) telephone calls in question and the wire transfer by Merchants to Planters National Bank in North Carolina are insufficient to confer jurisdiction over Citizens.

In opposing Citizen's motion, plaintiffs attempt to distinguish cases where the telephone calls and the wire transfers are essential parts of the plaintiff's cause of action from those where the telephone calls and wire transfers are merely collateral to the cause of action. *See* Document 16 of the Record at 6. In support, plaintiffs and Merchants rely on the Fifth Circuit Court of Appeals' decision in *Brown v. Flowers Industries, Inc.*, 688 F.2d 328 (5th Cir. 1982), *cert. denied*, 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496 (1983).

In *Brown*, the court stated that defendants were not denied due process by being subject to suit in the forum state because defendant initiated a telephone call and allegedly committed an intentional tort which had an injurious effect in the forum state. In so doing, however, the court emphasized that the tort in question was an intentional tort and stated:

> [W]hether an act is intentional or negligent can have a distinct bearing on whether the exercise of jurisdiction thereover is constitutional, for it goes directly to fairness and the degree to which an individual has purposefully availed himself of the privilege of conducting activities within the forum state.

*Id.* at 334 n. 16 (citations omitted). Accordingly, in *Brown*, the court placed great emphasis on the fact that an intentional tort was committed over the telephone. *See also J.E.M. Corp. v. McClellan*, 462 F.Supp. 1246 (D.Kan.1978) (intentional tortious act causing injury in forum state). In this case, there is no allegation that Citizens intentionally made misrepresentations to Merchants for the purpose of achieving the transfer of funds.

In discussing *Brown*, one district court emphasized that *Brown* dealt with a *de-*

*famatory telephone call. See Paul v. Int'l Precious Metals Corp.,* 613 F.Supp. 174 (S.D.Miss.1985). As the court stated:

> Likewise, telephone calls to and from the plaintiff's forum state have been held insufficient to extend long-arm jurisdiction over non-resident defendants. (citations omitted). Plaintiff's reliance upon *Brown v. Flowers Indus., Inc.,* 688 F.2d 328 (5th Cir.1982) for the proposition that a single telephone call made by a non-resident defendant may be sufficient for the exercise of long-arm jurisdiction under § 13–3–57 (Supp.1984), is misplaced. *Brown* dealt with a *defamatory* telephone call. The torts of libel and defamation are unique torts which courts have consistently held to have occurred simultaneously in the locales of transmission and receipt. (citation omitted) (footnote omitted).

*Id.* at 176 (emphasis in original). *See also Reliance Steel Products Co. v. Watson, Ess, Marshall and Enggas, supra* (allegation that defendant attorney negligently delivered legal advice into Pennsylvania by telephone and subsequently billed the client in Pennsylvania insufficient in light of operative facts of the case). *Cf. Rusack v. Harsha,* 470 F.Supp. 285 (M.D.Pa.1978) (Nealon, CJ.) (allegation that defendant wrote letters containing defamatory material directed at plaintiff and that defendant mailed copies of these letters to plaintiff's place of employment in Pennsylvania thereby causing harm to plaintiff in Pennsylvania, although not an overwhelming connection with Pennsylvania, is sufficient to satisfy due process requirements of the United States Constitution).

The court also rejects plaintiffs' and Merchants' assertion that jurisdiction is proper because the telephone calls in question had an economic impact in Pennsylvania. They argue that Citizens' purposefully availed itself of the privilege of acting in this forum because it was foreseeable that the telephone calls would have the effect of transferring funds from this forum.[4]

The cases relied on by Merchants and plaintiffs involve contacts of a more substantial and continuing nature. *See Vishay Intertechnology, Inc. v. Delta Int'l Corp.,* 696 F.2d 1062 (4th Cir.1982) (defendant wrote three (3) letters and initiated five (5) telephone calls to plaintiff; defendant *intended* to inflict injury in the forum); *Packard Press Corp. v. Com Vu Corp.,* 584 F.Supp. 73 (E.D.Pa.1984) (evidence showed extensive communications by mail and telephone and defendant sought out plaintiff in Pennsylvania to perform services); *Shen Manufacturing Co., Inc. v. Gentex Printing Co., Inc.,* 465 F.Supp. 829 (E.D.Pa.1978) (evidence of a continuing business relationship between defendant and plaintiff for approximately half a year); *M & N Meat Co. v. American Boneless Beef Corp.,* 380 F.Supp. 912 (W.D.Pa.1974) (defendant was to deliver goods to plaintiff in Pennsylvania on three separate occasions). Based on this record, the court concludes that plaintiffs and Merchants have failed to meet their burden of demonstrating that Citizens had contacts with Pennsylvania sufficient to give this court jurisdiction. *See Stranahan Gear Co., Inc. v. NL Industries, Inc., supra.* Moreover, the assertion of jurisdiction in this case would not comport with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985). Therefore, Citizens' Motion to Dismiss will be granted.

An appropriate Order will enter.

---

4. Indeed, in discussing *Brown,* the Fifth Circuit Court of Appeals has acknowledged that the *Brown* decision was, in part, predicated on the fact that the injurious effect of the tort, if one was committed, fell in the forum state, which defendant could easily have foreseen. *See D. J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 547 (5th Cir. 1985). Our Court of Appeals, however, in *Dollar Savings Bank v. First Security Bank of Utah, supra,* noted that in commercial transactions, the court should not be concerned with the "effects doctrine" as applied to a tort claim. *Id* at 213. Accordingly, the court questions whether the "effects doctrine" enunciated by the Fifth Circuit would apply to this commercial transaction.