Ernestine STRONG, Individually and as Executrix of the Estate of Nathanial Holmes, Deceased, and Dorothy Ann Jackson, Plaintiffs,

v.

RG INDUSTRIES, INC. and Roehm G.m.b.H., Defendants.

Civ. A. No. J85–0596(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

April 28, 1988.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on separate motions of defendants RG Industries, Inc. and Roehm GmbH for summary judgment and to dismiss for lack of *in personam* jurisdiction, respectively. Plaintiffs have timely responded to the defendants' motions and the court has considered the memoranda of authorities together with attachments submitted by the parties.

This is a products liability action in which plaintiffs' decedent, Nathanial Holmes, was fatally wounded when a gun alleged to have been manufactured and distributed by defendants discharged. According to plaintiffs' averments, a defective condition in the firearm in question resulted in Holmes' death.

## ROEHM'S MOTION TO DISMISS

Roehm GmbH is a German corporation involved in the manufacture of firearms. In their complaint, plaintiffs charge that Roehm is amenable to process and subject to this court's *in personam* jurisdiction under the Mississippi Long–Arm

Statute, Miss.Code Ann. § 13–3–57 (1972), based on its doing business in and its having committed a tort within the State of Mississippi. They contend that Roehm manufactured and distributed the gun which killed Nathaniel Holmes and caused the gun to be delivered into Mississippi. The burden of establishing personal jurisdiction over a nonresident defendant under the long-arm statute rests with the plaintiff. *Martin & Martin v. Jones,* 616 F.Supp. 339, 341 (S.D.Miss.1985). The plaintiff must demonstrate both that the long-arm statute applies and that minimum contacts exist with the forum state sufficient to satisfy the constitutional requirement of due process. *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260 (5th Cir.1983). When a nonresident defendant moves to dismiss for lack of personal jurisdiction, plaintiffs need not make a full showing on the merits that jurisdiction is proper but must make a prima facie showing of the facts upon which *in personam* jurisdiction is predicated to avoid dismissal for lack of jurisdiction. *See Brown v. Flowers Industries, Inc.,* 688 F.2d 328, 332 (5th Cir.1982), *cert. denied,* 460 U.S. 1023, 103 S.Ct. 1275, 75 L.Ed.2d 496; *Visual Sciences, Inc. v. Integrated Communications, Inc.,* 660 F.2d 56 (2d Cir.1981). In this regard, "the allegations of the complaint, *except as controverted by the defendants' affidavits,* must be taken as true." *Brown,* 688 F.2d at 332 (emphasis supplied). Here, the unrebutted affidavit of Heinrich P. Roehm, the Administrator of Roehm GmbH, conclusively establishes that Roehm GmbH is not doing business and has never done business in Mississippi. Plaintiffs consequently must rely on the tort provision of the long-arm statute. In this regard, it has generally been recognized that a manufacturer which places into the stream of commerce for ultimate, foreseeable delivery in Mississippi a defective product that causes injury in Mississippi may be charged with having committed a tort in Mississippi. *See Breedlove v. Beech Aircraft Corp.,* 334 F.Supp. 1361, 1365 (N.D.Miss.1971); *Smith v. Temco, Inc.,* 252 So.2d 212 (Miss.1971). In the case at bar, however, plaintiffs have wholly failed to come forward with proof in an acceptable form to controvert Mr. Roehm's affidavit, wherein he denies that Roehm was responsible for the distribution in the United States, or in Mississippi in particular, of the handgun which is alleged to have injured plaintiffs' decedent or for that matter, having ever "marketed, advertised, or sold firearms in the United States of America[,]" or having ever "created, contributed, influenced or employed in any way any distribution process that brought any Roehm GmbH product into the State of Mississippi."

■ In the face of Mr. Roehm's affidavit which contradicts all jurisdictional allegations contained in their complaint, plaintiffs may not merely rely on the complaint but must produce competent evidence to establish a prima facie case of jurisdiction. *See Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981) (on motion to dismiss for lack of personal jurisdiction, plaintiff must make prima facie showing of jurisdiction through its own affidavits and supporting material); *Breiner Equip Co. v. Dynaquip, Inc.,* 539 F.Supp. 204 (Mo.1982) (plaintiff must make prima facie showing of jurisdictional facts through submission of affidavits or other written materials). The only evidence submitted by plaintiffs to refute these assertions by defendant Roehm consists of articles submitted in connection with hearings on hand gun control legislation before the Subcommittee on Criminal Law of the Committee of the Judiciary, United States Senate, 97th Congress, Second Session. These hearings occurred March 4 and May 5, 1982. The particular articles relied upon by plaintiffs are entitled "Snub–Nosed Killers: Handguns in America" and "ROEHM: 'I Want to Make Better Guns'." Both articles reference the frequency with which Roehm handguns are involved in street crimes and the latter notes that "Americans came in the 1950's and interested the Roehms in the manufacture of inexpensive handguns for the market in the United States." This evidence, offered by plaintiffs in support of their contention that Roehm has placed defective handguns into the stream of commerce, is clearly inadmissible hearsay which cannot

be considered on this motion. *See Starns v. Success Portrait Co.*, 1 F.R.D. 503, 503 (E.D.Tenn.1940) (when jurisdictional facts are challenged in appropriate manner by motion to dismiss, plaintiffs must support them by competent proof); *see also* Fed.R. Civ.P. 43(e) (governing evidence on motions). Since plaintiffs have failed to make a prima facie showing of facts which would support the exercise of personal jurisdiction over defendant Roehm, the court finds that Roehm's motion to dismiss is well taken and should be granted.

### RG INDUSTRIES' MOTION FOR SUMMARY JUDGMENT

Plaintiffs allege that defendant RG Industries is doing business in Mississippi and has committed a tort within the state against a resident of the state. Specifically, plaintiffs charge that RG Industries was

> in the business of and did design, assemble, manufacture, process, engineer, inspect, maintain, service, import, distribute, sell and deliver handguns to the public, including the RG–38 revolver which accidentally discharged....

RG Industries has supported its motion for summary judgment with the affidavit of G. Charles Flint, Jr., Controller for RG Industries. In his affidavit, Flint states that the gun which is the subject of this litigation was not imported or distributed by RG Industries, and that in fact, the handgun was imported by Eig Cutlery of Miami, Florida on or about June 20, 1968; RG Industries was not incorporated until October 1, 1968 and did not begin selling or distributing handguns until June 1, 1969. Again, the only evidence produced by plaintiffs to rebut RG Industries' motion for summary judgment is an article presented at the hearings on handgun control, referenced above. As hearsay, the article is not admissible and cannot be considered on this motion for summary judgment.[1] *Daily*

*Press, Inc. v. United Press International*, 412 F.2d 126, 133 (6th Cir.1969); *see also Jones v. Menard*, 559 F.2d 1282, 1285 n. 5 (5th Cir.1977) (report which provided no evidence that could have been adduced at trial was inadmissible on a motion for summary judgment).

Accordingly, RG's motion for summary judgment should be granted and it is so ordered.

---

1. The substance of the article relied on by plaintiffs, authored by Joseph Albright and entitled "Saul Eig Sold Americans the Gun–Toters Model T," is an explanation of a relationship between Roehm, RG Industries and Eig Cutlery, Eig being the entity which RG Industries claims actually imported and distributed the gun in question. It is apparently plaintiffs' position that the three companies are one and the same and should be treated as such for purposes of this lawsuit. However, the evidence is wholly insufficient to support this assertion.