**GENERAL EQUIPMENT MANUFACTURERS,**
**Plaintiff,**

v.

**COCO BROS., INC., Defendant.**

**Civ. A. No. J88–0302(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Oct. 27, 1988.

Christopher Shapley, Jackson, Miss., for plaintiff.

Robert A. Biggs, III, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Coco Bros., Inc. (Coco) to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff General Equipment Manufacturers, Inc. timely responded to the motion and the court has considered the memoranda of authorities together with attachments submitted by the parties.[1]

---

1. In response to defendant's motion, plaintiff has advanced the argument that since defendant relied on matters outside the pleadings in connection with its motion to dismiss, the motion should be treated as a motion for summary judgment, and further that since plaintiff has, by affidavit, disputed many of the "facts" relied upon by defendant in support of its motion to dismiss, there thus exist disputed material facts in connection with the jurisdictional issue such that summary judgment would be inappropriate. However, while motions to dismiss for

The burden is on the plaintiff to establish the trial court's personal jurisdiction over a nonresident defendant. *DeMelo v. Toche Marine, Inc.,* 711 F.2d 1260, 1270 (5th Cir.1983). To defeat a motion to dismiss for lack of personal jurisdiction when no evidentiary hearing is held and the court considers only affidavits submitted by the parties, a plaintiff satisfies its burden by presenting a prima facie showing that jurisdiction exists and may be properly exercised. *Id.* at 1271. In such cases, any conflicts in the facts alleged in opposing affidavits are resolved in the plaintiff's favor for purposes of determining whether a prima facie case of *in personam* jurisdiction has been established. In the case at bar, both parties have submitted affidavits relating to the jurisdictional issue and the court, upon review of the affidavits, finds that plaintiff has failed to establish a prima facie case of personal jurisdiction and concludes therefore that this cause must be dismissed.

Plaintiff brought this action alleging that defendant had breached a construction subcontract executed by the parties. Coco, a Pennsylvania corporation not qualified to do business in Mississippi, was the general contractor on a project involving the renovation of David B. Oliver High School, a public school in Pittsburgh, Pennsylvania. In its capacity as general contractor, Coco subcontracted with Maffei and Associates (Maffei), also a Pennsylvania corporation, to manufacture and install certain furniture and cabinets in the project. At the request of Maffei, Coco entered into a subcontract with General Equipment, a Mississippi corporation, allowing General Equipment to perform part of the work which Maffei had originally contracted to perform.

Initially, negotiations for that subcontract occurred in Pennsylvania between Maffei, acting as General Equipment's "local representative," and Coco. The contract which resulted from those negotia-

tions was dated August 12, 1985 and transmitted by Coco to General Equipment on that date. Prior to that time, there had been no direct contact between Coco and General Equipment. Toby Majure, President of General Equipment, executed and returned that contract to Coco on November 5, 1985, but requested that two "additions" inserted by General Equipment be approved by Coco. Over the next several months, Coco and General Equipment negotiated concerning various subjects including the preparation of shop drawings, payment terms and the manufacturing and delivery schedule. These negotiations were conducted between Coco in Pennsylvania and General Equipment in Mississippi, telephonically and through use of the mails. What ultimately culminated from these negotiations was a second subcontract prepared by Coco in Pennsylvania; the contract was executed by General Equipment in Mississippi on March 14, 1986 and returned to Coco's office in Pennsylvania where, on August 12, 1986, it was accepted by Coco.

After part of the furniture and case work required to be furnished by General Equipment under the terms of the subcontract was delivered and after partial payment by Coco to General Equipment, Coco was terminated by the project owner as general contractor. According to the allegations of plaintiff's complaint, Coco has refused payment to General Equipment for work performed by General Equipment prior to Coco's termination.

Plaintiff does not dispute Coco's assertion that it does not now nor has it ever conducted any business in Mississippi nor that it has no other contact with Mississippi except with reference to the subcontract at issue in the present case. Accordingly, the jurisdiction of the court over Coco must be judged on the basis of its contacts with Mississippi relative to its contract with plaintiff. In support of its claim that juris-

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) are to be treated as motions for summary judgment where extraneous materials are considered, that rule does not apply to the other types of motions referred to

in Rule 12(b). Consequently, the present motion to dismiss for lack of personal jurisdiction is treated as a motion to dismiss rather than a motion for summary judgment.·

diction exists, plaintiff relies on the following alleged "contacts" of Coco with Mississippi: (1) contract negotiations occurred in Mississippi; (2) General Equipment executed the contract in Mississippi; (3) Coco directed that shop drawings be prepared in Mississippi and they were; (4) Coco understood and agreed that the furniture would be manufactured in Mississippi and it was; (5) partial payments were made in Mississippi; and (6) additional payments are owed in Mississippi. According to plaintiff, these facts give the court jurisdiction over plaintiff's breach of contract claim.

In a diversity action, personal jurisdiction may be exercised over a nonresident defendant if "(1) the nonresident is amenable to service of process under the law of the forum state; and (2) the exercise of jurisdiction under state law comports with the due process clause of the fourteenth amendment." *Stuart v. Spademan,* 772 F.2d 1185, 1189 (5th Cir.1985). In the case *sub judice,* defendant's amenability to service of process is potentially within the reach of Mississippi's long-arm statute which provides, *inter alia,* that a nonresident corporation not qualified to do business in Mississippi which makes a contract with a resident of Mississippi to be performed in whole or in part by any party in Mississippi is subject to process of a Mississippi court. Miss.Code Ann. § 13–3–57 (1972 & Supp.1988). However, the additional requirement that the exercise of jurisdiction must be consistent with due process requires that "(a) the nonresident must have some minimum contact with the forum which results from an affirmative act on his part; and (b) it must be fair and reasonable to require the nonresident to defend the suit in the forum state." *Stuart,* 772 F.2d at 1189; *see also Thompson v. Chrysler Motors Corp.,* 755 F.2d 1162, 1168 (5th Cir.1985). As the Fifth Circuit has explained, in considering due process limitations upon the court's exercise of personal jurisdiction,

> [t]he number of contacts with the forum state is not, by itself, determinative.... What is more significant is whether the contacts suggests that the nonresident defendant purposefully availed himself of the benefits of the forum state.

*DeMelo,* 711 F.2d at 1270 (quoting *Brown v. Flowers Ind., Inc.,* 688 F.2d 328, 333 (5th Cir.1982)). The nonresident's activities in or connected with the forum state must be such that "it should reasonably anticipate being haled into court [there]." *Stuart,* 772 F.2d at 1190. Thus, the requirement of minimum contacts cannot be satisfied by the unilateral activity "of those who claim some relationship with the nonresident defendant...." *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.,* 700 F.2d 1026, 1028 (5th Cir.1983) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)).

Analyzing Coco's "contacts" with Mississippi with these principles in mind, the court concludes that Coco's activities relating to the formation of its contract with General Equipment do not evidence a "purposeful availment" of the benefits of the forum state and that it would be unfair and unreasonable to require Coco to defend a suit in this state. In *Hydrokinetics, Inc.,* the Fifth Circuit found, under similar facts, that *in personam* jurisdiction was lacking. In that case, the plaintiff, Hydrokinetics, Inc., was a Texas corporation and the defendant, Alaska Mechanical, was an Alaskan construction contractor. Alaska Mechanical, acting as the subcontractor on a United States Navy project in Alaska, was informed by a manufacturer's representative that Hydrokinetics was interested in providing a certain component which Alaska Mechanical needed to fulfill its subcontract. As in the present case, negotiations were conducted between Alaska Mechanical in Alaska and Hydrokinetics in Texas. Under their contract, Hydrokonetics manufactured the units in Texas and delivered them to Alaska Mechanical in Seattle, Washington. When the units were rejected as unsuitable, Hydrokinetics instituted suit against Alaska Mechanical in a Texas district court for breach of contract. The district court dismissed for lack of jurisdiction and on appeal the Fifth Circuit affirmed stating:

> We agree with the district court's conclusion that Alaska Mechanical did not purposely avail itself of the privilege of conducting business within Texas or invoke the benefits and protections of Texas

law. Although it did agree to purchase goods which it knew were to be manufactured by Hydrokinetics in Texas, no performance by Alaska Mechanical was to take place in Texas, other than perhaps the payment for the goods. We do not believe that the unilateral activity of Hydrokinetics in Texas satisfies the requirement of contact between Alaska Mechanical and the state of Texas.... Nor do we weigh heavily the fact that Alaska Mechanical may have mailed payment checks into the forum state in exchange for the goods.

*Id.* at 1029. In so holding, the court found it particularly relevant that the defendant's sole contact with Texas was the single, isolated transaction at issue, that the transaction was initiated by and substantially negotiated with the seller's representative in Alaska, that Alaskan law governed according to the contract, and that the manufactured units were to be shipped out of Texas to Alaska Mechanical. *Id.*

Similarly, in *Reed–Joseph Company v. DeCoster*, 461 F.Supp. 748 (S.D.Miss.1987), the district court dismissed for lack of personal jurisdiction where a Mississippi plaintiff had manufactured certain equipment in Mississippi and delivered it to a nonresident defendant in Maine. Upon defendant's failure to fully pay on open account, the plaintiff filed suit in Mississippi. In dismissing, the court observed that

> the only fact which could arguably justify in personam jurisdiction under the statute is that the system was fabricated in Mississippi according to plans and specifications especially prepared in Mississippi by Reed–Joseph to suit the needs of defendant. This activity was performed by Reed–Joseph in order to place itself in a position to make the sale of its system to its Maine customer. The sale of the system was negotiated by tele-

phonic means and correspondence. DeCoster was never present in Mississippi at any time and had no other business connections within the state.

*Id.*

The contacts held insufficient by the courts in both *Hydrokinetics* and *Decoster* are the same kinds of contacts relied on by plaintiff in the case at bar to support jurisdiction over Coco. After examining the extent of those contacts, it is clear that Coco took no actions directed toward Mississippi and neither sought nor expected any benefits from this state. It is undisputed that Coco does not regularly engage in business in Mississippi, and its sole contact with Mississippi is this single, isolated transaction. Further, it is uncontroverted that the transaction was initiated by Maffei in Pennsylvania. While subsequent negotiations did occur in Mississippi, insofar as General Equipment communicated with Coco from the General Equipment office in Mississippi, no representative of Coco ever visited Mississippi during the negotiation process or at any time.[2] Moreover, the contract in question calls for the performance and interpretation of the contract under Pennsylvania law. Under the totality of the circumstances, the inference of purposeful availment necessary to support the exercise of personal jurisdiction over Coco is not supported.[3]

Accordingly, it is ordered that Coco's motion to dismiss is granted.

A separate judgment shall be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

ORDERED.

**2.** The parties' correspondence indicates that Tony Majure, General Equipment's president, travelled to Pennsylvania to meet and negotiate with Coco personnel.

**3.** In response to defendant's motion and in an apparent effort to avoid dismissal, plaintiff has attempted to characterize this case as involving Coco's commission of a tort in Mississippi by wilfully and intentionally refusing to pay the monies allegedly owing and by misrepresenting

to General Equipment that the money would be paid. The court rejects this characterization by plaintiff as it is clear that his claim is predicated on an alleged breach of contract and nothing more. Further, even if plaintiff's claim were one sounding in tort rather than contract, Coco's "contacts" with Mississippi would still be much too attenuated to permit a valid assertion of jurisdiction over it.