**Robert GREENO and Robin Roberta Greeno, Appellants,**

v.

**Larry KILLEBREW, M.D., Appellee.**

**No. 04–98–00878–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 10, 1999.

Gary M. Poenisch, White & Davis, P.C., San Antonio, for Appellant.

William Baine, Cathy J. Sheehan, Plunkett & Gibson, Inc., San Antonio, for Appellee.

Sitting CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

## OPINION

STONE, Justice.

Robert Greeno appeals the trial court's order sustaining Dr. Larry Killebrew's (hereinafter "Killebrew") special appearance. The trial court found that Killebrew, a Mississippi resident, had insufficient contacts with Texas to justify the exercise of personal jurisdiction. We affirm the trial court's order.

### FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from a medical malpractice case. Greeno's wife Irma, sought medical attention at an emergency room in Gulfport, Mississippi on December 27, 1993. Killebrew determined that she suffered from diverticulitis. Rather than operate on Irma's perforated colon, Killebrew released Irma the following day. Irma wished to receive treatment by a physician covered by her HMO in Texas. Prior to her discharge the following afternoon, Killebrew called Irma's Texas physician, Dr. Speedlin and arranged for her transfer. Irma traveled from Mississippi to Texas on a commercial airliner which was delayed due to holiday travel. When Irma reached Texas she was admitted to the Baptist Hospital in San Antonio, where two other doctors operated on her on December 29th. Irma died on February 14, 1994, as a result of an infected intestine. Irma's surviving spouse and daughter brought a wrongful death suit against several doctors and hospitals. Killebrew is the only remaining defendant.[1] In a single issue, Greeno contends Dr. Killebrew's contact with the forum state via the phone call from Killebrew to Speedlin warranted personal jurisdiction in Texas.

### PERSONAL JURISDICTION OVER A NONRESIDENT

■ A Texas court may exercise jurisdiction over a non-resident if: (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction comports with state and federal constitutional guarantees of due process. *Guardian Royal Exch. Assur., Ltd. v. English China*, 815 S.W.2d 223, 226 (Tex.1991). The Texas long-arm statute authorizes the exercise of jurisdiction over nonresident defendants "doing business" in Texas. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 17.042 (Vernon 1997). The statute expressly identifies several acts that constitute "doing business" but notes that such list is not exhaustive. The "broad language" of the long-arm statute permits an expansive reach, limited only by federal constitutional requirements of due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990). Thus, we need only consider whether it is consistent with federal constitutional requirements of due process for Texas to assert personal jurisdiction over Killebrew. Under the federal constitutional test of due process, a state may assert personal jurisdiction over a nonresident defendant if: (1) the defendant has purposely established minimum contacts with the forum state, and (2) the exercise of jurisdiction comports with fair play and substantial justice. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

### 1. Minimum Contacts

■ Under the minimum contacts analysis, we focus on the defendant's intentional activities and expectations to determine whether it is proper to call him before the forum state's courts. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The presence of either specific or general jurisdiction satisfies the minimum contacts requirement. *Guardian Royal*, 815 S.W.2d at 227. Specific jurisdiction attaches if the cause of action arises out of or relates to the nonresident defendant's contact with the forum state. *Id.* The contact between the defendant and the forum state must have occurred as a result of the defendant's purposeful conduct. *Id.* Texas courts exercise specific jurisdiction over a defendant if his activi-

---

1. The Honorable Janet Littlejohn entered an order of dismissal against Dr. Luis Cisneros on June 26, 1996. The plaintiffs nonsuited defendants Baptist Memorial Healthcare System, d/b/a Baptist Medical Center and Memorial Hospital at Gulfport, Mississippi on September 11, 1996. The Honorable Martha Tanner granted summary judgment and severance in favor of defendants Dr. Randall D. Rogers and Dr. Leonard Polanco on July 7, 1997. The Honorable Carol R. Haberman entered a take nothing judgment on behalf of Dr. Richard Speedlin on July 10, 1998.

ties in Texas are isolated or disjointed, but the cause of action arises from those activities. *Schlobohm,* 784 S.W.2d at 357; *Zac Smith & Co. v. Otis Elevator Co.,* 734 S.W.2d 662, 663 (Tex.1987).

■ Here, the contact at issue centers around a sole telephone call from Killebrew to Speedlin arranging for Irma's transfer to San Antonio, Texas. Greeno contends the telephone call amounted to a transfer agreement which conferred jurisdiction on the Texas court. We disagree. Telephone calls and correspondence as activities directed at the forum state are generally insufficient to confer personal jurisdiction. *Klenk v. Bustamante,* 993 S.W.2d 677, 679 (Tex.App.-San Antonio 1998, no pet.). No evidence exists in the record to support the position that Killebrew entered into a contract with Speedlin. No follow-up inquiries into Irma's condition took place. Killebrew never made a purposeful contact with the forum—he neither solicited business in Texas nor maintained a Texas client-base. Rather, Killebrew made an isolated contact with a Texas resident in a Mississippi emergency room. In the absence of any evidence to show that Killebrew made a "purposeful" contact with Texas or engaged in a "substantial connection" with the state, Killebrew's single phone call to Texas fails to meet the requirements of a minimum contacts. *See Schlobohm,* 784 S.W.2d at 357; *Disney Enterprises, Inc., v. Esprit Finance, Inc.,* 981 S.W.2d 25, 29 (Tex.App.-San Antonio 1998, pet. dism'd w.o.j.).

### 2. Fair Play and Substantial Justice

■ The second prong of the federal test establishes that the assertion of jurisdiction over a nonresident is proper only if such exercise of jurisdiction comports with fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Courts weigh the following factors to determine fair play and substantial justice: (1) the burden on the defendant, (2) the interest of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Burger King,* 471 U.S. at 476–77, 105 S.Ct. 2174.

■ Applying the above factors to the instant case, no evidence exists to support the exercise of jurisdiction to comport with fair play and substantial justice. First, the burden on Killebrew seems unduly great when we consider the extent and circumstances of the contact. Second, although Texas retains an interest in protecting its residents from tort actions, Killebrew's activity is far too remote to address this consideration. *Cf. Memorial Hosp. System v. Fisher Ins.,* 835 S.W.2d 645, 652 (Tex.App.-Houston [14th Dist.] 1992, no pet.)(recognizing strong interest in protecting Texas citizens where tort was committed in whole or in part in Texas). Third, albeit inconvenient for Greeno, traveling to Mississippi would not injure his interest in obtaining effective relief. Fourth, as a matter of efficiency, Killebrew remains the only defendant in the suit. Thus, it seems only equitable that the proper forum for addressing Killebrew's actions should be where the alleged negligence occurred. Finally, no fundamental substantive social policy is served by imposing jurisdiction on a nonresident defendant for a remote communication with a Texas physician. Balancing these considerations, it offends the concept of fair play and substantial justice to hail Killebrew into Texas court for a single telephone call. To hold otherwise, places an undue burden on physicians who treat travelers seeking emergency treatment.

Accordingly, the order of the trial court sustaining Killebrew's special appearance is affirmed.