No. 04-99-00575-CV

John J. EAKIN, Individually, and d/b/a Cypress Helicopter Company,

Appellant

v.


Howard ACOSTA and Myron Papadakis,


Appellees


From the 224th Judicial District Court, Bexar County, Texas


Trial Court No. 99-CI-03456


Honorable John J. Specia, Jr., Judge Presiding


Opinion by: Catherine Stone, Justice

Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

Delivered and Filed: February 9, 2000


AFFIRMED

 This appeal raises the issue of whether a Florida lawyer representing a Texas resident in a
Florida lawsuit is subject to personal jurisdiction in Texas. The trial court said no, and entered an
order sustaining the special appearance of the Florida lawyer, appellee Howard Acosta. See Tex.
Civ. Prac. & Rem. Code Ann. §51.04(a)(7) (Vernon Supp. 2000). Because we agree that Acosta
had insufficient contacts with Texas to justify the exercise of personal jurisdiction, we affirm the trial
court's order. 

Factual and Procedural Background

 In 1996, appellant John J. Eakin ("Eakin") solicited the legal assistance of Acosta to
represent 

him in a personal injury lawsuit pending in Florida. The Florida suit arose from a helicopter crash
which occurred in Louisiana in 1984. Following several long-distance telephone calls between
Eakin in Texas and Acosta in Florida, the parties entered into a written contract of representation.
By the terms of the contract Acosta and Myron P. Papadakis were to provide Eakin with professional
legal services in his underlying personal injury claim, with Acosta to receive a 20% contingent fee
and Papadakis to receive a 10% contingent fee. An addendum to the contract specified that the firm
of Papadakis, Allman and Pinney would be employed as consulting attorneys to Acosta. The
addendum further provided:

 Myron P. Papadakis and John Rusty Allman will work subservient to the decision
making control of lead attorney Howard Acosta in this matter. It is understood that
Howard Acosta will be the lead attorney and Papadakis and Allman will support him
in this case. All legal decisions and strategies will [be] Howard Acostas' [sic].

Although not mentioned in the addendum, the record reflects that Papadakis is licensed in Texas and
Allman is licensed in Texas and California. Their firm maintains offices in both states.

 Over the course of the litigation, Eakin traveled to Florida - at no time did Acosta ever travel
to Texas. The case proceeded to settlement in Florida; however, a dispute arose between Eakin and
Acosta about attorney's fees. Eakin filed suit for legal malpractice against Acosta in Texas,
claiming Acosta availed himself of Texas jurisdiction by making representations to Eakin via long-distance telephone calls, forwarding the contract of representation to Eakin in Texas, and entering
into a joint venture with Papadakis in Texas. The trial court disagreed with Eakin's contentions and
granted Acosta's special appearance, from which Eakin now appeals.(1)

Standard of Review

 On interlocutory appeal, we review the trial court's grant or denial of a special appearance
for an abuse of discretion. Magnolia Gas Co. v. Knight Equip. & Mfg. Corp, 994 S.W.2d 684, 689
(Tex. App.-San Antonio 1998, no pet.). Under this standard, we will not disturb the trial court's
resolution of factual issues absent a showing of arbitrariness or unreasonableness. Walker v. Packer,
827 S.W.2d 833, 839-40 (Tex. 1992). We review the trial court's legal conclusions de novo, and
we will not disturb those legal conclusions absent a showing of misapplication of the law. Magnolia
Gas, 994 S.W.2d at 689. Although Eakin requested findings of fact and conclusions of law, the trial
court entered none. We therefore presume that all questions of fact support the judgment. Zac Smith
& Co. v. Otis Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987). However, because the appellate
record contains a reporter's record, these presumed fact findings are inconclusive. Id.Personal Jurisdiction

 A Texas court may exercise jurisdiction over a non-resident if : (1) the Texas long-arm
statute authorizes the exercise of jurisdiction; and (2) the exercise of jurisdiction comports with the
state and federal constitutional guarantees of due process. Guardian Royal Exch. Assur., Ltd. v.
English China, 815 S.W.2d 223, 226 (Tex.1991). The Texas long-arm statute authorizes the
exercise of jurisdiction over nonresident defendants "doing business" in Texas. Tex. Civ. Prac. &
Rem. Code Ann. §17.042 (Vernon 1997). Although not an exhaustive list, several acts enumerated
in the statute constitute "doing business." Disney Enterprises, Inc. v. Esprit Finance, Inc., 981
S.W.2d 25, 29 (Tex. App.-San Antonio 1998, pet. dism'd w.o.j.). Since the "broad language" of the
long-arm statute permits an expansive reach limited only by federal constitutional requirements of
due process, Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990), we need only consider
whether it is consistent with federal constitutional requirements of due process for a Texas court to
exercise personal jurisdiction over Acosta. 

 Under the federal constitutional test of due process, a state may assert personal jurisdiction
over a nonresident defendant if: (1) the defendant has purposefully established minimum contacts
with the forum state; and (2) the exercise of jurisdiction comports with fair play and substantial
justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985); National Industrial Sand
Assoc. v. Gibson, 897 S.W.2d 769, 772 (Tex. 1995). When applying the minimum contacts analysis,
we focus on Acosta's intentional activities and expectations in deciding whether it is proper to call
him before a Texas court. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-292
(1980). To establish minimum contacts with Texas, Acosta must have purposefully availed himself
of the privilege of conducting activities within the state, thereby receiving the benefit and protection
of Texas laws. See Burger King, 471 U.S. at 474-75. His activities must be substantial enough to
justify a conclusion that Acosta reasonably anticipated being called into a Texas court. Id. at 475.
The presence of sufficient minimum contacts may support either general or specific jurisdiction.
Guardian Royal Exch., 815 S.W.2d at 227. Eakin contends that both types of jurisdiction are
established in the record. We disagree. 

1. General Jurisdiction 

 General jurisdiction arises when a nonresident defendant engages in continuous and
systematic contacts with the forum state. Guardian Royal Exch., 815 S.W.2d at 230. The events
which give rise to the cause of action need not occur in the forum state. CSR Ltd. v. Link, 925
S.W.2d 591, 594 (Tex. 1996). However, the defendant's activities within the forum state must be
substantial. Schlobohm, 784 S.W.2d at 357.

 Eakin contends that Acosta has engaged in contact with Texas since 1990 by maintaining a
license to practice before the United States District Court for the Western District of Texas. Eakin
presented affidavit testimony indicating that Acosta had been an attorney of record in at least one
case that was litigated in the United States District Court for the Western District of Texas - San
Antonio Division. Eakin classifies this activity as continuous and systematic for purposes of general
jurisdiction. Acosta disputes this claim, contending the federal district court in Texas granted him
special permission to represent a party on the grounds that Acosta was a member in good standing
of the Florida Bar. This representation took place four years prior to the instant case and Acosta
made no efforts to acquire any client base in Texas. 

 General jurisdiction requires a showing of substantial activities in Texas by the nonresident
defendant. Guardian Royal Exch., 815 S.W.2d at 230. A nonresident lawyer's one-time
representation of a client in a federal district court located in Texas does not rise to the level of
substantial activity. It is undisputed that Acosta is licensed as an attorney in Florida, but not in
Texas. It is not unusual under such circumstances for a federal court to extend licensure to a
nonresident so that the attorney may proceed in federal court. See United States District Court for
the Western District of Texas, Local Rule AT-1 (1999). Further, while Acosta's license in the
Western District of Texas may have remained current (and there is no evidence one way or the other
on this issue), Acosta specifically denied any activity designed to develop a client base in Texas.
Indeed, there is no evidence that Acosta ever utilized the license granted to him by the Western
District of Texas other than in the one case in which the license was originally granted. Thus, the
mere fact that Acosta is or was licensed in a Texas federal court does not establish the "continuous
and systematic contacts" needed to support general jurisdiction. See Guardian Royal Exch., 815
S.W.2d at 230. Accordingly, the trial court could have properly determined that general jurisdiction
has not been established. 

2. Specific Jurisdiction

 Specific jurisdiction may be asserted if the cause of action arises out of or relates to the
nonresident defendant's contact with the forum state. Id. The contact between the defendant and
the forum state must have occurred as a result of the defendant's purposeful conduct, and not
because of the plaintiff's unilateral activity. Helicopteros Nacionales de Colombia v. Hall, 466 U.S.
408, 417 (1984). Texas courts exercise specific jurisdiction over a defendant if the defendant's
activities in Texas are isolated or disjointed, but the cause of action arises from those activities.
Schlobohm, 784 S.W.2d at 357; Zac Smith & Co. v. Otis Elevator Co., 734 S.W.2d 662, 663 (Tex.
1987). 

 Eakin again claims that Acosta's prior representation of a party in federal district court in
Texas is a factor to consider in determining that specific jurisdiction is proper. We disagree. The
previous Texas litigation in which Acosta was involved has no connection to Eakin's current
malpractice claim against Acosta. Eakin's cause of action does not arise from Acosta's previous
appearance in federal court in Texas. Accordingly, this "contact" with Texas cannot provide a basis
for asserting specific jurisdiction. See Guardian Royal Exch., 815 S.W.2d at 230.

 Eakin also claims specific jurisdiction is established because Acosta called Eakin in Texas
to discuss the case, and during these long-distance telephone calls Acosta allegedly misrepresented
his level of experience as an aviation litigator and the degree of fidelity and loyalty he would extend
to Eakin. These misrepresentations are the basis of breach of warranty and deceptive trade practice
allegations in Eakin's petition. Eakin thus claims the telephone calls are contacts with Texas that
form the very basis of his cause of action against Acosta, thereby giving rise to specific jurisdiction.
Eakin's claim fails for two reasons. 

 First, long-distance telephone calls to the forum state do not, in and of themselves, provide
a sufficient contact to authorize the exercise of jurisdiction in the forum state. See Klenk v.
Bustamante, 993 S.W.2d 677, 682 (Tex. App.-San Antonio 1998, no pet.). Even when coupled with
written correspondence and isolated trips to the forum state, long-distance telephone calls are
generally not considered purposeful activities directed toward residents of the forum state. See Id;
Greeno v. Killebrew, No. 04-98-00878-CV, slip op. at 3, 1999 WL 1018060, at *2 (Tex. App.-San
Antonio Nov. 10, 1999, no pet. h.) (recognizing that without more evidence of substantial contact,
telephone calls and correspondence activities are generally insufficient to confer personal jurisdiction
on a nonresident defendant). 

 Second, regardless of the labels Eakin attaches to his claims against Acosta, his suit is one
for professional negligence. See Willis v. Maverick, 760 S.W.2d 642, 644 (Tex. 1988)(stating that
whatever label is placed upon the action, a claim for legal malpractice is inherently a tort action);
Kahlig v. Boyd, 980 S.W.2d 685, 689 (Tex. App.-San Antonio 1998 writ history)(recognizing that
irrespective of label, claims based upon a lawyer's negligence and failure to exercise the care and
diligence of an ordinary lawyer constitute legal malpractice); Burnap v. Linnartz, 914 S.W.2d 142,
148 (Tex. App. -San Antonio, 1995, writ denied)(noting that a legal malpractice claim is essentially
a professional negligence cause of action). Eakin's claim against Acosta is based on Acosta's
alleged failure to prepare for trial, call appropriate witnesses, and research Louisiana law regarding
workers' compensation liens. In the absence of fraud allegations, Eakin's suit is simply one for legal
malpractice. Acosta's uncontroverted affidavit testimony establishes that all legal work performed
by him was performed in Florida. Accordingly, the allegations of misrepresentations made during
telephone calls to Texas do not establish a basis for jurisdiction.

 Eakin claims the fee agreement addendum which provides that a Texas lawyer will provide
services "subservient to" a nonresident lawyer distinguishes this case from other cases. It is true that
no other reported case presents facts like those displayed in this case. Regardless of the novel fact
situation presented, our inquiry remains the same: does the record establish that the trial court could
reasonably have reached only one conclusion. See Walker v. Packer, 827 S.W.2d at 841.

 We cannot say that the only conclusion the trial court could reasonably have reached was that
Acosta performed legal services in Texas as a result of his relationship with Papadakis. The fee
agreement addendum states that Papadakis would be subject to the "decision making control" of
Acosta and that all "legal decisions and strategies" would be made by Acosta. There is no evidence,
however, that Acosta ever exercised any control over Papadakis or that he made any legal decisions
or formed any strategies that affected the work performed by Papadakis. Certainly there is no
evidence that Acosta ever exercised control or formed legal decisions or strategies in Texas. The
only evidence is that Acosta never "perform[ed] any purposeful act in the State of Texas" during his
representation of Eakin. Further, while the record contains a billing statement from Papadakis for
expenses incurred in Eakin's case, the only work reflected in the statement that was clearly
performed in Texas was attendance at a deposition in Dallas. Other work was performed in
California and Florida, and telephone calls and mailings were made from undisclosed locations.
Based upon this record, we cannot say the trial court abused its discretion in granting Acosta's
special appearance.

 In light of our holding that no minimum contacts exist to hale Acosta into Texas court, we
dispense with any further analysis into the second prong of due process, namely whether the exercise
of jurisdiction comports with fair play and substantial justice. See Klenk, 993 S.W.2d at 683.
Accordingly, we affirm the trial court's order sustaining Acosta's special appearance. 

 Catherine Stone, Justice

PUBLISH



1. Myron Papadakis, despite being named as a party in this case, is not appealing the trial
court's order. Accordingly, the substance of the appeal relates only to appellee Howard Acosta.