RYNONE MANUFACTURING
CORP., Appellant

v.

REPUBLIC INDUSTRIES,
INC., Appellee

No. 06–02–00119–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Nov. 7, 2002.

Decided Dec. 30, 2002.

EdwinE. Buckner Jr., Law Offices of Edwin E. Buckner, Jr., Marshall, for appellant.

Don Stokes, Stokes Law Office, Marshall, for appellee.

Before MORRISS, C.J., GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Republic Industries, Inc. filed suit against Rynone Manufacturing Corp. in Harrison County, alleging breach of contract. Rynone made a special appearance and objected to the jurisdiction of the Texas court. The trial court overruled Rynone's objection to the jurisdiction. Rynone brings this interlocutory appeal from that denial.

Republic manufactures kitchen cabinets and countertops, and is located in the city

of Marshall in Harrison County. Rynone manufactures synthetic marble counter-tops, among other things, and is a corporation organized and formed under the laws of Delaware, with a principal place of business in Pennsylvania.

This lawsuit deals with Republic's order of certain countertops to be manufactured by Rynone and delivered from Pennsylvania to various apartments in New York and Connecticut. Nothing was shipped to Texas. Rynone filed a special appearance alleging the court did not have jurisdiction because Rynone: (1) is not a resident of Texas; (2) is not required to maintain and does not maintain a registered agent for service of process in Texas; (3) does not now engage and has not engaged in business in Texas; (4) has not committed any tort, in whole or in part, within the confines of the State of Texas; (5) does not maintain a place of business within the State of Texas; and (6) maintains no employees, servants, and/or agents within the State of Texas. Republic filed a response to the special appearance and offered testimony at the hearing that Rynone had solicited Republic's business in Texas by means of advertisements and solicitations directed specifically to Republic in Marshall.

The testimony further showed that, before placing the order that gave rise to this particular dispute, Republic prepared the shop drawings of the countertops for Rynone to manufacture. These drawings were prepared in Marshall, Texas, and were either mailed or sent by facsimile to Rynone in Pennsylvania. Republic contends the drawings were an integral part of the contract because, without the drawings, Rynone could not have manufactured the countertops as contracted. Rynone contends the preparation of the shop drawings by Republic were immaterial to the purpose of the contract and emphasizes they were not instigated by Rynone. At most, Rynone considers these drawings to be purchase orders.

■■■ A nonresident defendant must negate all bases of personal jurisdiction to prevail in a special appearance. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex.1996). Whether a court can assume personal jurisdiction over a nonresident defendant is a question of law that we review de novo. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002). When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment that are supported by the evidence are implied. *Id.* at 795. When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in this Court. *Id.*

■■ In order to have personal jurisdiction over a nonresident defendant, a court must satisfy both the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Texas long-arm statute. U.S. CONST. amend. XIV, § 1; TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 1997). Our analysis will focus on the satisfaction of the due process requirements because the Texas long-arm statute has been interpreted to reach "as far as the federal constitutional requirements of due process will allow." *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 226 (Tex.1991).

■■ A state may assert personal jurisdiction over a nonresident defendant if: (1) the defendant has purposely established minimum contacts with the forum state, and (2) the exercise of jurisdiction comports with fair play and substantial justice. *Greeno v. Killebrew,* 9 S.W.3d 284, 286

(Tex.App.-San Antonio 1999, no pet.), citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■ Personal jurisdiction exists if the nonresident defendant's minimum contacts give rise to either specific jurisdiction or general jurisdiction. *BMC Software Belg., N.V.*, 83 S.W.3d at 795. Texas courts have general jurisdiction if the contacts are continuous and systematic so that Texas may exercise personal jurisdiction over the defendant even if the cause of action did not arise from or relate to activities conducted within this state. *Id.* at 796. Specific jurisdiction exists if the alleged liability arises from or is related to an activity conducted within this state. *Id.*

■ Texas has a three-part test for specific jurisdiction: (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state. (2) The cause of action must arise from, or be connected with, such act or transaction. Even if the cause of action does not arise from a specific contact, jurisdiction may be exercised if the defendant's contacts with Texas are continuing and systematic. and (3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent. of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 358 (Tex.1990).

■ Republic contends the following facts, supported by the evidence, create Texas jurisdiction over Rynone: (1) Republic and Rynone have been doing business together for several years (the testimony was uncertain of the exact time length but estimated between five and nine years); (2) the relationship between the two resulted from a telephone solicitation on behalf of Rynone directed toward Republic; (3) Republic was aware of Rynone through advertisements placed in national trade publications; (4) Republic and Rynone negotiated with each other by several telephone and facsimile conversations; and (5) the shop drawings were produced in Marshall, Texas, and forwarded to Pennsylvania, where they became a part of the contract.

■ It has long been established that merely contracting with a Texas resident does not satisfy the minimum contacts requirements. *Burger King Corp.*, 471 U.S. at 478, 105 S.Ct. 2174. Prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing, must be evaluated in determining whether the defendant purposefully established minimum contacts within the forum. *Id.* at 479.

The bulk of business between these two parties took place by telephone, facsimile, or mail. The evidence shows Rynone initiated the relationship between itself and Republic. Bob Smith, head of Republic's operations, testified at the special appearance hearing that Dick Rynone and Mike Baker, employees of Rynone, had called Republic, soliciting its business.

The only evidence in the record about the origin of the parties' relationship is the testimony that Rynone purposely called Republic, a Texas company, to solicit its business. In *Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434 (Tex.1982), the Texas Supreme Court found advertising in both a national publication and in Texas telephone directories to be enough to create Texas jurisdiction over a foreign defendant. *Id.* at 436. Here, Rynone adver-

tised in a national trade publication and personally solicited Republic over the telephone, an even more purposeful act than advertising in a Texas telephone directory.

When considering the first two requirements noted above for establishing specific jurisdiction in Texas, we first observe that Rynone purposefully called Republic to solicit its business and that this lawsuit ultimately traces back to that telephone call where Rynone sought to do business with Republic. With respect to the third requirement, it is true that defending a lawsuit in Texas will be a burden for Rynone. However, we do not believe this burden outweighs Republic's interest in obtaining convenient and effective relief, especially when it is considered that Rynone initiated the business relationship between these parties.

We affirm the judgment.