In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00101-CV


______________________________




JOSEPH AND ADRIENNE GALLIEN,


INDIVIDUALLY AND ON BEHALF OF ALL

OTHERS, SIMILARLY SITUATED, Appellants


V.



MORTGAGE SOURCE VENTURES; KAUFMAN AND


BROAD LONE STAR, L.P.; KAUFMAN AND BROAD


MORTGAGE COMPANY; AND SAN ANTONIO


TITLE COMPANY, Appellees




 


On Appeal from the 189th Judicial District Court


Harris County, Texas


Trial Court No. 2004-41206




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Joseph and Adrienne Gallien, appellants, have presented this Court with a motion to dismiss
the pending appeal against appellees Mortgage Source Ventures; Kaufman and Broad Lone Star,
L.P.; Kaufman and Broad Mortgage Company; and San Antonio Title Company. The Galliens state
that a settlement agreement has been reached with the above-named appellees.

 We have severed the Galliens' appeal against these appellees and assigned that case cause
number 06-06-00101-CV. 

 The appeal by the Galliens against appellees Mortgage Source Ventures; Kaufman and Broad
Lone Star, L.P.; Kaufman and Broad Mortgage Company; and San Antonio Title Company, cause
number 06-06-00101-CV, is hereby dismissed. 


 Jack Carter

 Justice


Date Submitted: October 16, 2006

Date Decided: October 17, 2006



d conclusions of law with its
special appearance ruling, all facts necessary to support the judgment that are supported
by the evidence are implied. Id. at 795. When the appellate record includes the reporter's
and clerk's records, these implied findings are not conclusive and may be challenged for
legal and factual sufficiency in this Court. Id. 

 In order to have personal jurisdiction over a nonresident defendant, a court must
satisfy both the Due Process Clause of the Fourteenth Amendment to the United States
Constitution and the Texas long-arm statute. U.S. Const. amend. XIV, § 1; Tex. Civ.
Prac. & Rem. Code Ann. § 17.042 (Vernon 1997). Our analysis will focus on the
satisfaction of the due process requirements because the Texas long-arm statute has been
interpreted to reach "as far as the federal constitutional requirements of due process will
allow." Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C., 815 S.W.2d
223, 226 (Tex. 1991). 

 A state may assert personal jurisdiction over a nonresident defendant if: (1) the
defendant has purposely established minimum contacts with the forum state, and (2) the
exercise of jurisdiction comports with fair play and substantial justice. Greeno v. Killebrew,
9 S.W.3d 284, 286 (Tex. App.-San Antonio 1999, no pet.), citing Burger King Corp. v.
Rudzewicz, 471 U.S. 462, 475-76 (1985). 

 Personal jurisdiction exists if the nonresident defendant's minimum contacts give
rise to either specific jurisdiction or general jurisdiction. BMC Software Belg., N.V., 83
S.W.3d at 795. Texas courts have general jurisdiction if the contacts are continuous and
systematic so that Texas may exercise personal jurisdiction over the defendant even if the
cause of action did not arise from or relate to activities conducted within this state. Id. at
796. Specific jurisdiction exists if the alleged liability arises from or is related to an activity
conducted within this state. Id. 

 Texas has a three-part test for specific jurisdiction: (1) The nonresident defendant
or foreign corporation must purposefully do some act or consummate some transaction in
the forum state. (2) The cause of action must arise from, or be connected with, such act
or transaction. Even if the cause of action does not arise from a specific contact,
jurisdiction may be exercised if the defendant's contacts with Texas are continuing and
systematic. and (3) The assumption of jurisdiction by the forum state must not offend
traditional notions of fair play and substantial justice, consideration being given to the
quality, nature, and extent of the activity in the forum state, the relative convenience of the
parties, the benefits and protection of the laws of the forum state afforded the respective
parties, and the basic equities of the situation. Schlobohm v. Schapiro, 784 S.W.2d 355,
358 (Tex. 1990).

 Republic contends the following facts, supported by the evidence, create Texas
jurisdiction over Rynone: (1) Republic and Rynone have been doing business together for
several years (the testimony was uncertain of the exact time length but estimated between
five and nine years); (2) the relationship between the two resulted from a telephone
solicitation on behalf of Rynone directed toward Republic; (3) Republic was aware of
Rynone through advertisements placed in national trade publications; (4) Republic and
Rynone negotiated with each other by several telephone and facsimile conversations; and
(5) the shop drawings were produced in Marshall, Texas, and forwarded to Pennsylvania,
where they became a part of the contract. 

 It has long been established that merely contracting with a Texas resident does not
satisfy the minimum contacts requirements. Burger King Corp., 471 U.S. at 478. Prior
negotiations and contemplated future consequences, along with the terms of the contract
and the parties' actual course of dealing, must be evaluated in determining whether the
defendant purposefully established minimum contacts within the forum. Id. at 479.

 The bulk of business between these two parties took place by telephone, facsimile,
or mail. The evidence shows Rynone initiated the relationship between itself and Republic. 
Bob Smith, head of Republic's operations, testified at the special appearance hearing that
Dick Rynone and Mike Baker, employees of Rynone, had called Republic, soliciting its
business.

 The only evidence in the record about the origin of the parties' relationship is the
testimony that Rynone purposely called Republic, a Texas company, to solicit its business. 
In Siskind v. Villa Found. for Educ., Inc., 642 S.W.2d 434 (Tex. 1982), the Texas Supreme
Court found advertising in both a national publication and in Texas telephone directories
to be enough to create Texas jurisdiction over a foreign defendant. Id. at 436. Here,
Rynone advertised in a national trade publication and personally solicited Republic over
the telephone, an even more purposeful act than advertising in a Texas telephone
directory.

 When considering the first two requirements noted above for establishing specific
jurisdiction in Texas, we first observe that Rynone purposefully called Republic to solicit
its business and that this lawsuit ultimately traces back to that telephone call where
Rynone sought to do business with Republic. With respect to the third requirement, it is
true that defending a lawsuit in Texas will be a burden for Rynone. However, we do not
believe this burden outweighs Republic's interest in obtaining convenient and effective
relief, especially when it is considered that Rynone initiated the business relationship
between these parties. 

 We affirm the judgment.



 Donald R. Ross

 Justice


Date Submitted: November 7, 2002

Date Decided: December 30, 2002


Publish