In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-423 CV


____________________



SHWURONG C. HSU, Appellant



V.



BOBBY YU-CHEN LIU, Appellee






On Appeal from the 9th District Court


Montgomery County, Texas


Trial Cause No. 04-01-00197 CV






MEMORANDUM OPINION


 Shwurong C. Hsu complains on appeal that the trial court's refusal to make additional
findings of fact prevented her from properly presenting her appeal to this Court. We affirm
the trial court's judgment granting Liu's special appearance. 

 Hsu, a Texas resident, sued appellee Bobby Yu-Chen Liu, an Arizona resident, in
Montgomery County, Texas, for fraud, fraudulent inducement, misrepresentation, and breach
of contract related to an unpaid loan. According to Hsu's petition and affidavit, Liu called
her three or more times asking to borrow $40,000 from her. Hsu was in Texas during these
conversations. Liu promised to repay the loan within three months of receiving it. Liu asked
Hsu to wire transfer the money to a California bank account which he represented to be his
wife's account. Hsu wired the money as directed by Liu, and Liu never repaid the $40,000. 
According to Hsu, Liu and Hsu had numerous phone conversations wherein Liu
acknowledged receiving the loan and promised to repay the full amount of the loan. Hsu's
petition also stated that Liu visited Texas on three occasions around 1999, but those visits
were unrelated to the loan. 

 Liu filed a special appearance challenging personal jurisdiction. Liu argued that he
did not have sufficient, purposeful contacts with Texas to be considered minimum contacts,
and that Texas's exercise of jurisdiction would offend traditional notions of fair play and
substantial justice. Liu maintained that at all times relevant to the case he was in Arizona,
and took no affirmative actions within Texas to facilitate the alleged transaction. He denied
that any telephone calls between him and Hsu concerned the loaning of money, and stated
that any telephone calls at that time were initiated by Hsu regarding other personal matters. 
Liu stated that the three trips mentioned in Hsu's petition were unrelated to the alleged
transaction and were neither systematic nor continuous in nature. 

 The trial court granted Liu's special appearance. Hsu timely filed a request for
findings of fact and conclusions of law. See Tex. R. Civ. P. 296. She filed a notice of past
due findings and conclusions when the court failed to file any findings within twenty days
of her request. See Tex. R. Civ. P. 297. The trial court then entered its findings of fact and
conclusions of law. One of the findings was that "[t]he parties spoke on the telephone in
1999 while Bobby Yu-Chen Liu was in Arizona." Regarding this particular finding of fact,
Hsu requested the trial court make additional findings of fact as to who initiated the phone
call, where Hsu was when the call was made, and whether the phone call was related to Liu's
request to borrow the $40,000 from Hsu. She also requested that the trial court make
additional findings regarding whether the trial court's exercise of personal jurisdiction over
Liu would offend traditional notions of fair play and substantial justice. The trial court
denied Hsu's request to make additional findings of fact. 

 Hsu's issue on appeal is whether the trial court's refusal to make additional findings
of fact prevented her from properly presenting her appeal to this Court. Hsu requests that this
Court abate the appeal and direct the trial court to make the needed findings and then allow
the appeal to continue as to whether the trial court erred in granting Liu's special appearance. 
In the alternative, she requests that this Court reverse and remand the case so that the trial
court can make the additional findings of fact. 

 "After the court files original findings of fact and conclusions of law, any party may
file with the clerk of the court a request for specified additional or amended findings or
conclusions." Tex. R. Civ. P. 298. The trial court "has no duty [to] make additional or
amended findings that are unnecessary or contrary to its judgment; a trial court is only
required to make additional findings and conclusions that are appropriate." Vickery v.
Comm'n for Lawyer Discipline, 5 S.W.3d 241, 254 (Tex. App.--Houston [14th Dist.] 1999,
pet denied). Additional findings are appropriate "only if they have some legal significance
to an ultimate issue in the case." Id. at 255 (footnote omitted); see also Prague v. Prague,
190 S.W.3d 31, 37 (Tex. App.--Dallas 2005, pet. denied); Limbaugh v. Limbaugh, 71 S.W.3d
1, 6 (Tex. App.--Waco 2002, no pet.); Rafferty v. Finstad, 903 S.W.2d 374, 376 (Tex. App.--Houston [1st Dist.] 1995, writ denied); Associated Tel. Directory Publishers, Inc. v. Five D's
Publ'g Co., 849 S.W.2d 894, 901 (Tex. App.--Austin 1993, no writ); Dura-Stilts Co. v.
Zachry, 697 S.W.2d 658, 661 (Tex. App.--Houston [1st Dist.] 1985, writ ref'd n.r.e.). A trial
court's refusal to make additional findings is reversible if it prevents the party from properly
presenting its case on appeal. City of San Antonio v. El Dorado Amusement Co., 195 S.W.3d
238, 244 (Tex. App.--San Antonio 2006, pet. denied). The issue is whether the
circumstances are such that the appellant is forced to speculate at the reasons for the trial
court's decision. Id. 

 Hsu maintains that the question in this case is "whether Liu's telephone calls to her
were sufficient minimum contacts" to support specific jurisdiction over Liu. Hsu contends
that if Liu called Hsu in Texas and requested the loan, then Liu had sufficient minimum
contacts with Texas. 

 "Under the Due Process Clause of the Fourteenth Amendment, jurisdiction is proper
if a nonresident defendant established 'minimum contacts' with Texas and the maintenance
of the suit does not offend 'traditional notions of fair play and substantial justice.'" Am. Type
Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex. 2002) (quoting Int'l Shoe Co.
v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1940)). The purpose of the
minimum contacts analysis is to protect the defendant from being haled into court when the
defendant's relationship with Texas is too attenuated to support jurisdiction. Id. (citing
Schlobohm v. Schapiro, 784 S.W.2d 355, 357 (Tex. 1990)). For a Texas court to exercise
specific jurisdiction over a nonresident defendant, (1) the defendant must have purposefully
availed himself of the privilege of conducting activities here, and (2) the defendant's liability
must arise from or be related to those contacts. Moki Mac River Expeditions v. Drugg, 221
S.W.3d 569, 576 (Tex. 2007). Under the purposeful availment prong, a defendant is not
subject to jurisdiction here if its Texas contacts are random, fortuitous, or attenuated. 
Michiana Easy Livin' Country, Inc. v. Holten, 168 S.W.3d 777, 785 (Tex. 2005).

 Hsu relies on Rynone Manufacturing Corp. v. Republic Industries, Inc., 96 S.W.3d
636, 639-40 (Tex. App.--Texarkana 2002, no pet.) and Brown v. Flowers Industries, Inc., 688
F.2d 328, 334 (5th Cir. 1982). 

 Republic Industries, a Texas corporation, filed suit in Texas against Rynone
Manufacturing Corporation for breach of contract. See Rynone, 96 S.W.3d at 637. The
contract related to Republic's order of certain countertops to be manufactured by Rynone and
delivered from Rynone's principal place of business in Pennsylvania to various apartments
in New York and Connecticut. Id. at 637-38. The evidence showed that Rynone purposely
called Republic to solicit the Texas corporation's business. Id. at 639. Rynone, a non-resident defendant with no place of business in Texas and no employees or agents within
Texas, filed a special appearance. Id. at 638. 

 The Texarkana Court of Appeals affirmed the trial court's denial of Rynone's special
appearance on the grounds that Rynone purposefully did some act or consummated some
transaction in Texas and that the lawsuit arose or was connected to the act or transaction. Id.
at 639-40. The court explained as follows:

 It has long been established that merely contracting with a Texas
resident does not satisfy the minimum contacts requirements. Prior
negotiations and contemplated future consequences, along with the terms of
the contract and the parties' actual course of dealing, must be evaluated in
determining whether the defendant purposefully established minimum contacts
with the forum.


Id. at 639 (citations omitted). The record showed Rynone had called and solicited Republic's
business years before the bulk of the business between the two parties occurred by telephone,
facsimile, or mail. Rynone also advertised in a national trade publication. Id. 

 Relying on Rynone, Hsu argues there are sufficient minimum contacts based on Liu's
telephone calls, because, by requesting a loan from Hsu, Liu was soliciting business in Texas. 
The present facts are distinguishable from those in Rynone. Rynone, unlike Liu, placed
objects into the "stream of commerce" and advertised in a national trade publication. These
facts, in combination with Rynone's solicitation of Republic's business, established that
Rynone purposefully availed itself of the benefits of Texas law. Even if the facts alleged
by Hsu are correct, Liu was an individual who entered into an isolated contract with Hsu. 
Liu was not selling any product or services. Hsu did not allege that Liu intended to serve the
Texas market by "soliciting business" in Texas. See Moki Mac, 221 S.W.3d at 577. 

 In Michiana, the Texas Supreme Court concluded that a single product sale stemming
from a single phone call initiated from Texas to a non-resident defendant was not a
purposeful contact sufficient to satisfy the due process, minimum contacts test, because the
seller did not purposefully direct marketing efforts here to solicit sales. Michiana, 168
S.W.3d at 785-86. In that case, Holten, a Texas resident, called Michiana, the non-resident
defendant, to purchase an RV. Id. at 784. At Holten's request and at his expense, the RV
was shipped to Texas. Id. Michiana took no affirmative action to solicit business in Texas
and did not advertise here. Id. at 786. The Supreme Court held in Michiana that the
defendant did not purposefully avail itself of the benefits and protections of Texas law
because it did not regularly sell RVs in Texas, did not design, advertise, or distribute RVs in
Texas, and because the single contact with Holten would end once the sale was
consummated. Id. at 785-87, 794.

 In Brown v. Flowers Industries, Inc., the other case Hsu relies on, the Fifth Circuit
reversed the district court's holding that a single phone call made by the nonresident
defendant to the forum state was insufficient to establish specific jurisdiction. 688 F.2d at
330. Kralis, an Indiana resident and president of an Indiana corporation, called the U.S.
Attorney in Oxford, Mississippi. Id. Kralis made defamatory statements about a Mississippi
resident and corporation. Id. These remarks caused the Mississippi corporation to lose the
chance to obtain a $4 million loan. Id. at 330-31. The plaintiffs filed suit in Mississippi
against Kralis, Kralis's corporation, and another corporation with its principal place of
business in Georgia. Id. at 330. None of the defendants was qualified to do business in
Mississippi. Id. The plaintiffs alleged the defendants conspired to and did cause them
economic and other injuries. Id. The Fifth Circuit drew a distinction between a negligent
and intentional tort, and held that Kralis could have easily foreseen that the injurious effect
of an alleged intentional tort would fall in Mississippi. Id. at 333-34. In Michiana, the 
Supreme Court distinguished Brown, because the defendants' conduct in Brown was much
more extensive than that in Michiana, and was aimed at obtaining extensive business from
the forum state. See Michiana, 168 S.W.3d at 788-90. 

 Similar to the transaction in Michiana, the alleged loan agreement here resulted from
the mere fortuity that Hsu resided in Texas. See Michiana, 168 S.W.3d at 787. The mere
fact that Liu entered into a contract with a Texas resident is not enough. Burger King Corp.
v. Rudzewicz, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Even if Liu
initiated the call, he did not purposefully avail himself of the benefits and protections of
Texas law and he was not selling goods or services in Texas, or advertising here. Because
Liu did not purposefully avail himself of the benefits of Texas law, the minimum contacts
alleged here are not sufficient to support specific jurisdiction over Liu, regardless of whether
Liu called Hsu or Hsu called Liu. The findings of fact sought by Hsu related to the call do
not constitute a controlling issue. Consequently, the trial court did not err in denying Hsu's
request to make the additional findings of fact related to the call. Because we find that
sufficient minimum contacts supporting specific jurisdiction would not exist even if Liu had
called Hsu, it is unnecessary to address the trial court's refusal to make additional findings
of fact regarding whether the trial court's exercise of personal jurisdiction over Liu would
offend traditional notions of fair play and substantial justice. See Coleman, 83 S.W.3d at
806. 

 We overrule appellant's issue. Finding Liu did not have the requisite contacts with
Texas to support specific jurisdiction, we affirm the trial court's order granting Liu's special
appearance.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on April 19, 2007

Opinion Delivered November 15, 2007


Before Gaultney, Kreger and Horton, JJ.